■ MANUEL GARCIA, Appellant, v BRONX LEBANON HOSPITAL et al., Respondents. [731 NYS2d 702] —Order, Supreme Court, Bronx County (George Friedman, J.), entered on or about July 19, 2000, which granted defendants' motions for summary judgment and dismissed plaintiff's complaint, unanimously reversed, on the law, without costs, defendants' motion denied and the complaint reinstated.

Plaintiff, who admitted he had been drinking, went to defendant hospital because he was experiencing chest pain. At his

deposition, he stated that he remembers sitting in the emergency waiting room, going to the bathroom, then returning to sit down. His next recollection is waking up the following day, handcuffed to a stretcher with numerous injuries. Plaintiff's mouth was bleeding, his teeth were broken, and he had lumps on his head. His ankle was later determined to be fractured in two places. Plaintiff also had a large horizontal bruise across his throat.

In support of their motion for summary judgment, defendants presented the deposition testimony of Norman Grant and Willie Oglesby, two security guards who plaintiff alleges caused his injuries. Grant maintained that when he first saw plaintiff, who was extremely intoxicated, plaintiff was swinging a chair into a wall by the registration area of the emergency room. Plaintiff damaged the wall and broke some glass.[1] Grant contended that plaintiff punched him three times, and that upon his last swing, plaintiff fell to the floor. Grant stated he then used only the force necessary to place plaintiff on a stretcher. Oglesby said that he saw plaintiff swinging at Grant, but that Oglesby's only physical contact with plaintiff was when he assisted Grant in placing plaintiff on a stretcher. In two separate affidavits in support of defendants' motion, Grant and Oglesby each averred that "[they] never struck, choked, beat, pushed, or acted violently toward the plaintiff, nor did [they] witness anyone that did."

An incident report, submitted by plaintiff in opposition to the motion, contained Grant's statement that, "[m]yself and Oglesby attempted to control the subject fending off numerous blows until the point we were in eminent [sic] danger of phisical [sic] harm. At this point necessary force was utilized to control subject and place in custody. During the altercation, subject's ankel [sic] was broken when he fell on it." In support of the contention that defendant Grant had a history of violence, plaintiff offered hospital personnel records documenting that Grant had been involved in altercations with another patient's relative; that he had used profanity against supervisors; and that he had specifically expressed a desire to punch a few people in the mouth. Plaintiff also provided evidence that in 1988, when the hospital hired Grant, it was aware that he had prior criminal convictions for harassment, disorderly conduct, and criminal possession of marijuana. Finally, plaintiff

---

1. Plaintiff pled guilty to second-degree harassment for throwing a chair against the window of the emergency room. At his deposition, plaintiff testified that he did not remember doing so, but that he pled guilty to get the matter over with.

offered an affidavit stating that he did not have the injuries to his head and leg when he went to the hospital; he also submitted the affidavit of his wife to corroborate this fact.

These submissions, when construed in the light most favorable to plaintiff, present factual discrepancies requiring a trial (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395; *Garcia v Martin*, 285 AD2d 391). Defendants' descriptions of the amount of force they admittedly used to subdue the plaintiff cannot be reconciled with the nature and degree of plaintiff's injuries. Further, defendants' incident report provides a version of the events which conflicts with Grant's deposition testimony,[2] raising additional credibility questions. Plaintiff's injuries, especially the horizontal bruise across his throat, indicate that he was involved in some kind of altercation, not that he just fell. Moreover, even assuming that the guards were justified in using force to subdue plaintiff because of his own inappropriate conduct, an issue remains whether the degree of force used was reasonable under the circumstances (*Harvey v Brandt*, 254 AD2d 718).

However, we reject plaintiff's contention that the existence of plaintiff's injuries while he was a hospital patient, necessarily requires an inference of defendant's negligence, because none of the three elements of res ipsa loquitur have been met in this case (*Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226). Plaintiff's injuries are not of the nature that they "would not ordinarily occur in the absence of negligence"; there is no evidence that the injuries were caused by an agency or instrumentality within the defendant's exclusive control; and, there remains the possibility that plaintiff's injuries could at least partially be attributed to his own voluntary acts or conduct.

Finally, should the jury conclude that Grant was responsible for plaintiff's injuries, his prior criminal history, as well as his personnel history which includes violent behavior, creates an issue as to whether the hospital was negligent in its hiring, training, retention or supervision of him. Concur—Sullivan, P. J., Nardelli, Williams and Mazzarelli, JJ.

---

2. Grant denies preparing the incident report, but he admits that he signed it.