■ EDMOND JACKSON, Appellant, v POLICE DEPARTMENT OF THE CITY OF NEW YORK et al., Respondents, et al., Defendants. — In an action, *inter alia,* to recover damages for false imprisonment, plaintiff appeals from an order of the Supreme Court, Queens County (Kunzeman, J.), dated August 1, 1980, which denied his motion, *inter alia,* for leave to serve an amended notice of claim. Order reversed, with $50 costs and disbursements, and motion granted. Plaintiff shall serve an amended notice of claim and second amended complaint within 20 days after service upon him of a copy of the order to be made hereon, with notice of entry. Under the facts of the instant case, it was an improvident exercise of discretion to deny plaintiff's motion, *inter alia,* pursuant to subdivision 6 of section 50-e of the General Municipal Law, for leave to serve an amended notice of claim setting forth the specific locations of the initial arrest and the institutions in which the plaintiff was incarcerated. The original notice of claim, which was timely served, informed the respondents that the plaintiff claims that he was wrongly imprisoned and that his civil and constitutional rights, including his right to due process, were violated. It stated that he was arrested on July 13, 1970 (the correct date is apparently July 14, 1970) and that his conviction was "declared null and void" on April 6, 1979, approximately nine years later, but the notice omitted to set forth the place or places where the claims arose, as required by the statute (see General Municipal Law, § 50-e, subd 2). The complaint and amended complaint alleged a cause of action for "false arrest, illegal imprisonment and conspiracy to deprive plaintiff of his civil rights". Notwithstanding plaintiff's failure to inform the respondents of the specific locations of either the initial arrest or of any of the institutions in which the plaintiff was incarcerated, under the unique circumstances of this case the city was adequately provided with the opportunity to investigate the facts surrounding the original incident and the plaintiff's subsequent incarceration and to explore the merits of the claim. The pertinent facts, including names, times and places, with respect to the underlying crime, the police investigation, the prior history of the case and all the claims and arguments, are readily available and a matter of public record, being fully set forth in the opinions of the Federal courts which granted the plaintiff a writ of habeas corpus and overturned his conviction (*Jackson v Fogg,* 589 F2d 108, affg 465 F Supp 177). With respect to the specific locations of the institutions in which the plaintiff was incarcerated, we find no merit in the respondents' argument that they do not have ready access to the records of the District Attorney or of the State Department of Correctional Services and that the plaintiff's assumption that they had such access was unwarranted. As to the omission in the notice of claim to assert a claim for false arrest, we note that "false arrest" is merely another name for the tort of "false imprisonment" (see Prosser, Torts [4th ed], § 11, p 42; see, also, *Broughton v State of New York,* 37 NY2d 451 [where the terms "false arrest" and "false imprisonment"

are apparently used interchangeably], cert den *sub nom. Schanbarger v Kellogg,* 423 US 929). In the view we take of this case, it is unnecessary to reach the issue of estoppel. Mollen, P. J., Weinstein, Gulotta and Thompson, JJ., concur.