■ JOHN LAND, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant.—In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Kings County (Huttner, J.), dated September 1, 1989, which denied his motion to set aside the verdict in favor of the respondent, (2), from a judgment of the Supreme Court, Kings County (Huttner, J.), dated October 23, 1989, which, upon a jury verdict, is in favor of the respondent and against him dismissing the complaint, and (3), as limited by his brief, from so much of an order of the same court, dated January 23, 1990, as upon reargument, adhered to the original determination denying the plaintiff's motion to set aside the verdict in favor of the respondent.

Ordered that the appeal from the order dated September 1, 1989, is dismissed; and it is further,

Ordered that the judgment is affirmed and the order dated January 23, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order dated September 1, 1989, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from that order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff contends on appeal that the jury verdict should be set aside as against the weight of the evidence. A jury verdict in favor of a defendant should not be set aside unless the jury could not have reached its verdict on any fair interpretation of the evidence (see, Higbie Constr. v IPI Indus., 159 AD2d 558; Nicastro v Park, 113 AD2d 129, 134). Moreover, where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (see, Maze v DiBartolo, 130 AD2d 720, 721).

Contrary to the plaintiff's contention, we find that the jury in this case could have found that the police officers' negli-

gence was not the proximate cause of the plaintiff's injury based upon a fair interpretation of the evidence. The respondent's medical expert, Dr. Robert Karlan, testified that in his opinion the plaintiff's injury occurred when he hit the ground after jumping out of his apartment window. Dr. Karlan also stated that a person with a spinal cord injury could walk with a substantial amount of assistance. The plaintiff did not dispute that he jumped out of the window on his own accord. Based upon this evidence, the jury could have fairly concluded that the plaintiff sustained his injury upon hitting the ground and that any subsequent negligence by the police officers in transporting him or in failing to obtain medical assistance did not contribute to his quadriplegia. Therefore, the trial court properly denied the plaintiff's motion to set aside the verdict.

The plaintiff's claim that the trial court's supplemental charge was erroneous is unpreserved for appellate review, and we decline to address it in the exercise of our interest of justice jurisdiction (see, Columbia v Horowitz, 162 AD2d 579). Sullivan, J. P., Balletta, Ritter and Copertino, JJ., concur. [See, 145 Misc 2d 140.]