◼ ROBERT MERRITT, Appellant, v VILLAGE OF MAMARONECK et al., Respondents. [649 NYS2d 475] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited

by his brief, from so much of a judgment of the Supreme Court, Westchester County (Rosato, J.), entered September 14, 1995, as, upon the granting of those branches of the defendants' motion pursuant to CPLR 4401 which were to dismiss the first and second causes of action, was in favor of the defendants and against it on those causes of action.

Ordered that the judgment is modified, on the law, by adding to the first decretal paragraph thereof, after the word "dismissed", the words "except for the second cause of action"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the second cause of action asserted against the defendant Village of Mamaroneck.

The plaintiff was allegedly struck by one of three Village of Mamaroneck Police Officers responding to the scene of a disturbance involving the plaintiff. Although there were witnesses who testified at trial that they definitively saw one officer strike the plaintiff in the head, none of the witnesses, including the plaintiff, could identify which of the officers actually struck the plaintiff.

Viewing the evidence in the light most favorable to the plaintiff (see, Thornhill v Toys "R" Us NYTEX, 183 AD2d 1071, 1073; Xenakis v Vorilas, 166 AD2d 586, 586-587; Donnel v Stogel, 161 AD2d 93, 98), the court correctly found that there was no rational basis by which the jury could find for the plaintiff and point to a particular officer on the first cause of action to recover damages for assault.

However, as it pertains to the second cause of action asserted against the Village of Mamaroneck under the doctrine of respondeat superior, the plaintiff's proof was sufficient to be submitted to the jury. Contrary to the defendants' contention that none of the officers struck the plaintiff, the plaintiff established a prima facie case that an employee of the Village of Mamaroneck Police Department, acting within the scope of his employment, inflicted injury upon him. As such it was error for the trial court to dismiss the second cause of action against the Village under the doctrine of respondeat superior (see, Perez v City of Huntington Park, 7 Cal App 4th 817, 9 Cal Rptr 258).

The complaint asserted that all three named officers inflicted injury upon the plaintiff when, in fact, injury was inflicted by one of three officers, although the plaintiff did not know which one. A court is empowered to amend the pleadings sua sponte to conform the pleadings to the evidence presented at trial (see,

*River Val. Assocs. v Consolidated Rail Corp.,* 182 AD2d 974, 976; *Pritzakis v Sbarra,* 201 AD2d 797, 798). Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.