■ ANNE E. HARVEY et al., Appellants, v DONALD E. BRANDT, Defendant, and MARK F. LIBERATORE et al., Respondents. [677 NYS2d 867] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting those parts of the motions of defendants Mark F. Liberatore and Town of Brighton (Town) seeking summary judgment dismiss-

ing the fifth cause of action. Plaintiffs allege therein that Liberatore, an officer in the Town's police department, violated the civil rights of Anne E. Harvey (plaintiff) pursuant to 42 USC § 1983 by using excessive force in handcuffing and arresting her. Plaintiffs do not contend that defendants failed to meet their initial burden on the motion. They contend, however, and we agree, that the version of the arrest provided by plaintiff in opposition to the motion raised triable issues of fact whether the force used by Liberatore was objectively unreasonable (*see generally, Graham v Connor,* 490 US 386, 397).

Plaintiff was arrested on misdemeanor charges based upon an incident that occurred two weeks earlier. It is undisputed that she was cooperative and gave no indication that she intended to resist or escape. In addition, plaintiff submitted proof that, at the time of her arrest, she was 47 years old and smaller than Liberatore by at least eight inches and 80 pounds. Furthermore, according to plaintiff, Liberatore handcuffed her by forcibly jerking her hand behind her back and pushing her forward, causing neck and back injuries that required medical treatment (*cf., Higgins v City of Oneonta,* 208 AD2d 1067, 1070, *lv denied* 85 NY2d 803). The evidence submitted by plaintiff is sufficient to raise a triable issue of fact whether Liberatore's conduct was "objectively reasonable, especially since there is no evidence or suggestion that she posed a risk of flight, attempted to resist or evade arrest, or threatened the peace, property or safety of anyone" (*Alexis v McDonald's Rests.,* 67 F3d 341, 353; *see, Walton v City of Southfield,* 995 F2d 1331, 1342; *Bauer v Norris,* 713 F2d 408, 412-413). Plaintiff's version of the arrest also raises a triable issue of fact whether Liberatore is entitled to the defense of qualified immunity (*see, Stipo v Town of N. Castle,* 205 AD2d 608; *Ospina v Department of Corrections,* 749 F Supp 572; *see also, Palmer v Sanderson,* 9 F3d 1433, 1436). In this case, as in excessive force cases generally, "the fact intensive inquiry of whether a particular use of force was reasonable is best left for a jury to decide" (*Landy v Irizarry,* 884 F Supp 788, 797 [SD NY]). (Appeal from Order of Supreme Court, Monroe County, Frazee, J.—Summary Judgment.) Present—Denman, P. J., Green, Pigott, Jr., Callahan and Boehm, JJ.