■ BRUCE E. OSTRANDER, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 90046.) [735 NYS2d 163] —In a claim to recover damages for personal injuries, the claimant appeals from (1) a decision of the Court of Claims (O'Rourke, J.), dated August 4, 2000, and (2) a judgment of the same court, dated September 29, 2000, entered upon the decision, which, after a trial, dismissed the claim.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The claimant commenced this claim to recover damages for injuries to his left arm allegedly sustained as a result of the failure of a New York State Trooper to properly apply handcuffs during his arrest and the failure of that State Trooper and another State Trooper to address his complaints that the handcuffs were too tight.

Claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness (*see, Passino v State of New York,* 260 AD2d 915). The court properly concluded that the State Troopers acted reasonably while the claimant was in their custody. Through a fair interpretation of the evidence, the court determined that it was reasonable for the State Troopers to conclude that their suggestion of leaning forward in the police car had relieved the claimant's pain and that the claimant's complaints were similar to those normally voiced by others who are similarily restrained. The court also properly determined that the State Troopers followed standard police procedure, which requires double-locking of handcuffs and prohibits the removal of handcuffs once they are applied, to reduce the risk of flight.

The claimant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Altman, J. P., S. Miller, Crane and Prudenti, JJ., concur.