■ JENNIFER MOORE et al., Appellants, v CITY OF NEW YORK et al., Respondents. [891 NYS2d 156]—

The plaintiff commenced this action, inter alia, to recover damages for civil rights violations pursuant to 42 USC § 1983. The action arose from the death of her son (hereinafter the decedent), who was shot by the defendant James Moss, a detective for the New York City Police Department, following a standoff in which the decedent failed to drop the knife he was brandishing when ordered to do so by the police, and instead "charg[ed] at" the officers. The jury returned a verdict finding that Moss was justified in using deadly force against the decedent. The Supreme Court thereafter denied the plaintiff's application to set aside the verdict as contrary to the weight of the evidence pursuant to CPLR 4404 (a), and judgment was entered on the verdict in favor of the defendants and against the plaintiff, in effect, dismissing the amended complaint. We affirm.

Claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness (see *Graham v Connor*, 490 US 386, 394-395 [1989]; *Ostrander v State of New York*, 289 AD2d 463, 464 [2001]; *Passino v State of New York*, 260 AD2d 915, 916 [1999]). Based on a fair interpretation of the evidence, the jury determined that it was reasonable for Moss to have used deadly force against the decedent under the circumstances (see *Ostrander v State of New York*, 289 AD2d 463 [2001]; *Passino v State of New York*, 260 AD2d at 916; *Higgins v City of Oneonta*, 208 AD2d 1067 [1994]; see also *Roy v Inhabitants of City of Lewiston*, 42 F3d 691 [1994] [affirming the finding of the United States District Court that a police officer's use of deadly force was reasonable, where a claimant was ordered to put down knives, but nonetheless advanced, flailing

his arms as he continued to hold the knives, while the officers on the scene retreated back to a sharp downward incline, and the claimant made a kicking-lunging motion toward those officers]).

We reject the plaintiff's contention that a new trial is warranted because the court failed to remove a juror who closed his eyes on three occasions, and allegedly was sleeping. The court made a sufficient inquiry of the subject juror to ascertain that the juror had heard the testimony and, thus, was qualified to render a verdict. Based upon that inquiry, as well as the court's own "close[ ]" observations of the juror, its determination to allow the juror to continue to serve and render a verdict was a provident exercise of discretion (*see* CPLR 4106; *see also People v Pulley*, 290 AD2d 321, 321-322 [2002]; *People v Marks*, 225 AD2d 1087 [1996]; *People v Brown*, 160 AD2d 172, 174 [1990]).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Dillon, Miller and Roman, JJ., concur.