■ TYRONE MAYS, Respondent-Appellant, v CITY OF MIDDLETOWN et al., Appellants-Respondents. [895 NYS2d 179]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated March 10, 2009, as denied that branch of their motion which was for summary judgment dismissing the causes of action to recover damages for negligence, and the plaintiff cross-appeals from so much of the same order as granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for violation of 42 USC § 1983.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff was arrested by police based upon his participation in a fight which occurred in a crowded parking lot when local bars were closing for the night. The police handcuffed the plaintiff with his hands behind his back and seated him, legs extended, on the ground in the parking lot. A large and unruly crowd remained in the vicinity.

While the plaintiff was seated in the parking lot, a member of the crowd who believed that the plaintiff had hit her mother during an earlier fight approached while holding a beer bottle hidden behind her pocketbook. Although three police officers were standing within a few feet of the plaintiff, the woman was allowed to approach. When she reached the plaintiff, the woman struck him in the face with the bottle, causing a deep laceration requiring approximately 87 stitches.

Two police officers testified at their depositions that they offered the plaintiff first aid, although two other officers recalled that a bystander offered aid. An ambulance arrived within three to five minutes of the attack on the plaintiff.

The plaintiff commenced this action, inter alia, to recover damages for negligence and for violation of 42 USC § 1983. The defendants moved for summary judgment dismissing the

complaint, and the Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the cause of action under 42 USC § 1983, but denied that branch of the motion which was for summary judgment dismissing the causes of action to recover damages for negligence. The defendants appeal and the plaintiff cross-appeals.

The "scope and extent" of a defendant's duty to a plaintiff is "defined by the risk of harm reasonably to be perceived" (*Vetrone v Ha Di Corp.*, 22 AD3d 835, 837 [2005]). Although a plaintiff must show that the defendant reasonably could have foreseen the danger against which the defendant allegedly failed to guard, the plaintiff "need not demonstrate . . . that the precise manner in which the accident happened, or the extent of injuries, was foreseeable" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]).

A third party's intervening act will be deemed a superseding cause relieving the defendant of liability where the act is "of such an extraordinary nature or so attenuates defendant's negligence from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" (*Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]). Although an intervening criminal act may sever the causal connection under some circumstances (*see Ingrassia v Lividikos*, 54 AD3d 721, 724 [2008]), some criminal acts may be "a reasonably foreseeable consequence of circumstances created by the defendant" (*Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944, 946 [1997] [internal quotation marks omitted]; *see Kush v City of Buffalo*, 59 NY2d at 33). Specifically, "[w]hen the intervening, intentional act of another is itself the foreseeable harm that shapes the duty imposed, the defendant who fails to guard against such conduct will not be relieved of liability when that act occurs" (*Kush v City of Buffalo*, 59 NY2d at 33).

Here, because the plaintiff was in their custody, the police had a duty to safeguard him against foreseeable dangers (*see generally Sanchez v State of New York*, 99 NY2d 247, 252 [2002]). Under these circumstances, even if the precise form the danger would take was not apparent (*see Derdiarian v Felix Contr. Corp.*, 51 NY2d at 315), the defendants failed to demonstrate that a danger to the plaintiff from one or more members of the crowd who remained aggressive or who had been involved in the fight was unforeseeable (*see Bell v Board of Educ. of City of N.Y.*, 90 NY2d 944 [1997]; *Li v Midland Assoc., LLC*, 26 AD3d 473 [2006]). Since the defendants failed to meet their prima facie burden of showing that the assailant's actions were unforeseeable, the Supreme Court properly denied that branch

of their motion which was for summary judgment dismissing the causes of action to recover damages for negligence.

To establish a prima facie case that a municipal actor has violated 42 USC § 1983, a plaintiff must show that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States" (*Snider v Dylag*, 188 F3d 51, 53 [1999]). Although individual actors may be held liable under 42 USC § 1983, a municipality can be held liable "only where the municipality itself causes the constitutional violation at issue" (*Canton v Harris*, 489 US 378, 385 [1989], citing *Monell v New York City Dept. of Social Servs.*, 436 US 658 [1978]). Thus, "[i]t is only when the execution of the government's policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983" (*Canton v Harris*, 489 US at 385 [internal quotation marks omitted]). In this case, the plaintiff contends that the defendants violated his civil rights in that the officers involved in the incident were inadequately trained and failed to promptly render him first aid.

Under "limited circumstances," proof of a municipality's "failure to train can be the basis for liability under § 1983" (*Canton v Harris*, 489 US at 387 [internal quotation marks omitted]). However, "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983" (*Canton v Harris*, 489 US at 389; *see Pendleton v City of New York*, 44 AD3d 733, 736-737 [2007] ). To sustain a claim based upon inadequate training, a plaintiff must demonstrate not only that there is a deficiency in the actor's training, but also that the deficiency identified is "closely related to the ultimate injury" (*Canton v Harris*, 489 US at 391).

Here, the defendants made a prima facie showing that the police officers were adequately trained. Moreover, although the defendants failed to make a prima facie showing that the officers were not negligent in guarding him, that failure did not prevent them from establishing their entitlement to judgment as a matter of law dismissing the cause of action under 42 USC § 1983 (*see County of Sacramento v Lewis*, 523 US 833 [1998]; *Lombardi v Whitman*, 485 F3d 73, 79 [2007]). In opposition to the defendants' prima facie showing, the plaintiff failed to identify any specific deficiency in the officers' training or to identify any way in which additional training would have improved the officers'

response to the situation with which they were confronted (*see Walker v City of New York*, 974 F2d 293, 297 [1992], *cert denied* 507 US 961 [1993], 507 US 972 [1993]).

Similarly, assuming that arrested persons have a right to prompt medical care under the Eighth Amendment of the United States Constitution (*see Estelle v Gamble*, 429 US 97, 103 [1976], *cert denied* 434 US 974 [1977]; *Canton v Harris*, 489 US at 381-382, 391), a plaintiff cannot sustain a cause of action under 42 USC § 1983 absent proof that the police exhibited "deliberate indifference to [his or her] serious illness or injury" by providing inadequate treatment, "intentionally denying or delaying access to medical care[,] or intentionally interfering with the treatment once prescribed" (*Estelle v Gamble*, 429 US at 104-105; *Whitley v Albers*, 475 US 312, 319 [1986]). In this case, there is no indication that the delay of a few minutes had any ill effect on the plaintiff's injury, or caused him any pain that he would not otherwise have suffered (*see Estelle v Gamble*, 429 US at 103, 105; *see generally Land v City of New York*, 177 AD2d 477, 477-478 [1991]). In addition, there is no indication that the police delayed or interfered with emergency personnel once they arrived (*see Estelle v Gamble*, 429 US at 104-105).

Thus, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for violation of 42 USC § 1983.

The plaintiff's remaining contention is without merit. Rivera, J.P., Dickerson, Chambers and Hall, JJ., concur.