■ DEAN ECKARDT, Respondent, v CITY OF WHITE PLAINS et al., Appellants, et al., Defendants. [930 NYS2d 22]—

The plaintiff was arrested for disorderly conduct and resisting arrest. He alleged that, after he was brought to police headquarters, one of the arresting police officers unnecessarily used a taser on him several times while he was handcuffed. The officer testified at his deposition that he only used a taser on the plaintiff once because the plaintiff continually attempted to assault officers inside police headquarters. According to the officer, the plaintiff was not handcuffed at the time.

The plaintiff commenced this action against the defendant City of White Plains, the White Plains Police Department, and several police officers, including the defendant Police Officer Aragon No. 64 (hereinafter Officer Aragon), asserting causes of action to recover damages for assault and battery (the first cause of action), intentional infliction of emotional distress (the second cause of action), negligent hiring and supervision (the third cause of action), and civil rights violations pursuant to 42 USC § 1983 (the fourth cause of action). The City, the White Plains Police Department, and Officer Aragon moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, denied those branches of the motion which were for summary judgment dismissing the complaint insofar as asserted against the City

and Officer Aragon (hereinafter together the appellants). We modify.

The appellants failed to make a prima facie showing of their entitlement to judgment as a matter of law dismissing the first cause of action insofar as asserted against them. We note that, unlike a claim pursuant to 42 USC § 1983, a municipality may be vicariously liable on a state law assault and battery claim for torts committed by a police officer under a theory of respondeat superior (*see Williams v City of White Plains,* 718 F Supp 2d 374, 381 [2010]; *see also Merritt v Village of Mamaroneck,* 233 AD2d 303, 304 [1996]).

The appellants did, however, establish the City's entitlement to summary judgment dismissing the second cause of action insofar as asserted against it, as " '[p]ublic policy bars claims for intentional infliction of emotional distress against a governmental entity' " (*Ellison v City of New Rochelle,* 62 AD3d 830, 833 [2009], quoting *Liranzo v New York City Health & Hosps. Corp.,* 300 AD2d 548 [2002]). The appellants failed to make a prima facie showing of Officer Aragon's entitlement to summary judgment dismissing this cause of action insofar as asserted against him.

With regard to the third cause of action asserted under New York common law, generally, an employer will be held liable for torts committed by an employee who is acting within the scope of his or her employment under a theory of respondeat superior, and "no claim may proceed against the employer for negligent hiring, retention, supervision or training" (*Talavera v Arbit,* 18 AD3d 738, 738 [2005]; *see Karoon v New York City Tr. Auth.,* 241 AD2d 323 [1997]). Here, the actions complained of occurred during the arrest and detention of the plaintiff by several police officers, including Officer Aragon. It is beyond dispute that these actions were performed by the officers in the scope of their employment with the City. Accordingly, the plaintiff may not properly proceed with a cause of action to recover damages for negligent hiring and supervision, and the Supreme Court should have granted those branches of the motion which were for summary judgment dismissing the third cause of action insofar as asserted against the appellants. Contrary to the plaintiff's contention, the exception to this general rule (*see generally Karoon v New York City Tr. Auth.,* 241 AD2d 323 [1997]) is inapplicable to the circumstances of this case based on the record before the Supreme Court.

As for the fourth cause of action, "42 USC § 1983 provides that '[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be

subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured' " (*Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700, 703 [2010]). "A municipality is not liable under 42 USC § 1983 for an injury inflicted solely by its employees or agents" (*id.* at 703; *see Monell v New York City Dept. of Social Servs.*, 436 US 658, 694 [1978]). A municipality "cannot be held liable pursuant to 42 USC § 1983 based solely upon the doctrine of respondeat superior or vicarious liability" (*Lopez v Shaughnessy*, 260 AD2d 551, 552 [1999]; *see Canton v Harris*, 489 US 378 [1989]; *Jackson v Police Dept. of City of N.Y.*, 192 AD2d 641, 642 [1993], *cert denied* 511 US 1004 [1994]). "However, '[a] 42 USC § 1983 action may lie against a municipality if the plaintiff shows that the action that is alleged to be unconstitutional either implement[s] or execute[s] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or has occurred pursuant to a practice so permanent and well settled as to constitute a custom or usage with the force of law' " (*Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d at 703, quoting *Maio v Kralik*, 70 AD3d 1, 10-11 [2009] [internal quotation marks and citations omitted]; *see Bassett v City of Rye*, 69 AD3d 667, 668 [2010]). Where, as here, a plaintiff "seeks to establish that the municipality is liable by virtue of the inadequate training of its police officers, the plaintiff must plead and prove that the municipality's failure to train its police officers in a relevant respect evidences a deliberate indifference to the rights of its inhabitants" (*Jackson v Police Dept. of City of N.Y.*, 192 AD2d at 642; *see Canton v Harris*, 489 US at 389-390). "To sustain a claim based upon inadequate training, a plaintiff must demonstrate not only that there is a deficiency in the actor's training, but also that the deficiency identified is 'closely related to the ultimate injury' " (*Mays v City of Middletown*, 70 AD3d 900, 903 [2010], quoting *Canton v Harris*, 489 US at 391).

Here, the appellants established the City's prima facie entitlement to judgment as a matter of law on the fourth cause of action insofar as asserted against it. The appellants made a prima facie showing that the police officers were adequately trained by the City with regard to the use of tasers (*see Mays v City of Middletown*, 70 AD3d 900 [2010]). In opposition, the plaintiff failed to raise a triable issue of fact. However, the Supreme Court properly denied that branch of the motion which was for summary judgment dismissing the fourth cause of action insofar as asserted against Officer Aragon. "Claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of

objective reasonableness" (*Moore v City of New York*, 68 AD3d 946, 947 [2009]; *see Graham v Connor*, 490 US 386, 394-395 [1989]). "The reasonableness of an officer's use of force must be 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight' " (*Rivera v City of New York*, 40 AD3d 334, 341 [2007], quoting *Graham v Connor*, 490 US at 396). Here, the appellants failed to satisfy their prima facie burden of eliminating all triable issues of fact as to whether Officer Aragon's use of force was objectively reasonable under the circumstances.

The parties' remaining contentions are without merit. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.