SAUL W. HOLLAND, Respondent, v CITY OF POUGHKEEPSIE et al., Appellants, et al., Defendants. [935 NYS2d 583]—

This action to recover damages for personal injuries and civil rights violations arises from an incident involving the plaintiff, an epileptic, who refused transport to the hospital after having suffered four grand mal seizures, two of which were witnessed by a paramedic and an emergency medical technician (hereinafter the EMT). According to deposition testimony, after the paramedic administered valium and the plaintiff partially recovered from his seizures, the paramedic called his supervising physician, who instructed him to transport the plaintiff to the hospital because a narcotic had been administered. When the plaintiff refused to go, the EMT called the defendant City of Poughkeepsie Police Department (hereinafter the police department) for assistance. Upon responding to the scene, the defendant Officer Michael Labrada attempted to convince the plaintiff

to go to the hospital. The plaintiff became agitated, pulled the monitor leads off his chest, pulled out his IV, and exited the back of the ambulance while screaming obscenities. Labrada and the EMT testified that the plaintiff "lunged" at Labrada. A struggle ensued, during which Labrada attempted to restrain the plaintiff and warned him that he would be arrested if he did not stop. When the plaintiff failed to respond to these warnings, Labrada used his taser to incapacitate the plaintiff. Additional police officers arrived, the plaintiff was handcuffed, and he was transported to the hospital in custody for, inter alia, disorderly conduct. Labrada testified inconsistently at his deposition as to whether the EMT and paramedic were the only people present in the vicinity while these events were occurring.

The plaintiff commenced this action against, among others, the City of Poughkeepsie, the police department, and Labrada (hereinafter collectively the defendants), alleging various New York common-law causes of action and federal civil rights violations under 42 USC § 1983. The defendants moved for summary judgment dismissing the complaint insofar as asserted against them. Insofar as relevant to this appeal, the Supreme Court denied those branches of the motion which were for summary judgment dismissing the state and federal claims under the first, second, fourth, and thirteenth causes of action insofar as asserted against the City and Labrada, the state and federal claims under the seventh cause of action insofar as asserted against the City, and so much of the third cause of action as alleged state and federal claims based upon false arrest and false imprisonment insofar as asserted against the City and Labrada. The defendants moved for leave to reargue these branches of their motion, and the Supreme Court, in effect, upon reargument, adhered to so much of the original determination as denied these branches of the motion. The defendants appeal, and we modify.

The first four causes of action are premised upon allegations of excessive force (first cause of action), violation of the right to "bodily integrity" by the use of excessive force and arrest without just cause (second cause of action), false arrest and false imprisonment (third cause of action), and assault and battery (fourth cause of action). Each of these causes of action alleged that the City and Labrada should be held liable pursuant to both New York common law and 42 USC § 1983.

Addressing first the New York common-law claims, the Supreme Court properly, in effect, upon reargument, adhered to so much of the original determination as denied those branches of the defendants' motion which were for summary judgment

dismissing those claims under the first, third, and fourth causes of action insofar as asserted against the City and Labrada.

With respect to the first cause of action, "[c]laims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness" (*Ostrander v State of New York*, 289 AD2d 463, 464 [2001]; *see Campagna v Arleo*, 25 AD3d 528, 529 [2006]). That analysis "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake" (*Graham v Connor*, 490 US 386, 396 [1989] [internal quotation marks and citations omitted]). The use of force must be judged "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," recognizing that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation" (*id.* at 396-397; *see Campagna v Arleo*, 25 AD3d at 529). Because of its intensely factual nature, the question of whether the use of force was reasonable under the circumstances is generally best left for a jury to decide (*see Harvey v Brandt*, 254 AD2d 718, 719 [1998]). If found to be objectively reasonable, the officer's actions are privileged under the doctrine of qualified immunity (*see Hayes v City of Amsterdam*, 2 AD3d 1139, 1140 [2003]; *Higgins v City of Oneonta*, 208 AD2d 1067, 1071 n 1 [1994]).

Here, the defendants failed to eliminate a triable issue of fact as to whether Labrada's use of a taser to restrain the plaintiff, either to arrest him or to restrain him for his own safety, was excessive (*cf. Draper v Reynolds*, 369 F3d 1270, 1278 [2004], *cert denied* 543 US 988 [2004]; *Diederich v Nyack Hosp.*, 49 AD3d 491, 494 [2008]; *Gagliano v County of Nassau*, 31 AD3d 375, 376 [2006]). Moreover, unlike the claims pursuant to 42 USC § 1983, a municipality may be held vicariously liable for torts committed by its employee while acting within the scope of his or her employment (*see Eckardt v City of White Plains*, 87 AD3d 1049, 1051 [2011]; *Ashley v City of New York*, 7 AD3d 742, 743 [2004]). Accordingly, the Supreme Court properly, in effect, upon reargument, adhered to so much of the original determination as denied that branch of the defendants' motion which was for summary judgment dismissing so much of the first cause of action as alleged excessive force pursuant to New York common law insofar as asserted against the City and Labrada (*see Harvey v Brandt*, 254 AD2d at 718-719).

The third cause of action alleged false arrest and false

imprisonment, which are two names for the same tort (*see Lee v City of New York*, 272 AD2d 586 [2000]; *Jackson v Police Dept. of City of N.Y.*, 86 AD2d 860, 860-861 [1982]). To establish a cause of action alleging false arrest under New York common law, a plaintiff must show that "(1) the defendant intended to confine him [or her], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged" (*Lee v City of New York*, 272 AD2d at 586; *see Broughton v State of New York*, 37 NY2d 451, 456 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]). Probable cause to believe that a person committed a crime is a complete defense to a claim of false arrest (*see Fortunato v City of New York*, 63 AD3d 880 [2009]). Where the arrest is made without a warrant, "a presumption arises that it was unlawful, and the burden of proving that the arrest was otherwise privileged is cast upon the defendant" (*Tsachalis v City of Mount Vernon*, 293 AD2d 525, 525 [2002] [internal quotation marks omitted]; *see Broughton v State of New York*, 37 NY2d at 458; *Gagliano v County of Nassau*, 31 AD3d at 376). In general, the existence or absence of probable cause is a question of fact and "becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn therefrom" (*Fortunato v City of New York*, 63 AD3d at 880 [internal quotation marks omitted]; *see People v Bigelow*, 66 NY2d 417, 420 [1985]).

Here, the plaintiff was charged with disorderly conduct based upon his engagement in "fighting or in violent, tumultuous or threatening behavior" with the "intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof" (Penal Law § 240.20 [1]). Although he was also charged with obstructing a firefighting operation pursuant to Penal Law § 195.15 (2), probable cause for that offense was lacking because no firefighting operation was occurring. With respect to disorderly conduct, there was evidence that the plaintiff was engaged in tumultuous behavior, but a triable issue of fact remains as to whether a reasonable officer could interpret the plaintiff's behavior as being motivated by an "intent to cause public inconvenience, annoyance or alarm" (Penal Law § 240.20 [1]). In addition, although the plaintiff might nevertheless have recklessly caused public inconvenience, the defendants failed to eliminate a triable issue of fact as to whether the "public" was inconvenienced by submitting, in support of their motion, Labrada's deposition testimony, which was equivocal as to the presence or absence of bystanders other than the ambulance crew. These triable issues of fact with respect to whether

Labrada's evaluation of probable cause was objectively reasonable preclude an award of summary judgment in favor of Labrada on the ground of qualified immunity (see *Malley v Briggs*, 475 US 335, 340 [1986]; *Diederich v Nyack Hosp.*, 49 AD3d at 493; *Simpkin v City of Troy*, 224 AD2d 897, 898 [1996]). Moreover, the City may be held vicariously liable under the state law claim for torts committed by Labrada acting within the scope of his employment (see *Eckardt v City of White Plains*, 87 AD3d at 1051; *Ashley v City of New York*, 7 AD3d 742, 743 [2004]). Accordingly, the Supreme Court properly determined that the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing so much of the third cause of action as alleged a New York common-law claim of false arrest and false imprisonment insofar as asserted against the City and Labrada (see *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 315 [2004, Smith, J., concurring]).

The fourth cause of action alleged assault and battery. "To recover damages for battery, a plaintiff must prove that there was bodily contact, that the contact was offensive, i.e., wrongful under all of the circumstances, and intent to make the contact without the plaintiff's consent" (*Higgins v Hamilton*, 18 AD3d 436, 436 [2005]). In light of the defendants' failure to eliminate triable issues of fact as to whether Labrada's use of the taser was excessive or objectively reasonable under the circumstances, the Supreme Court properly, in effect, upon reargument, adhered to so much of the original determination as denied that branch of the defendants' motion which was for summary judgment dismissing the New York common-law claims of assault and battery insofar as asserted against the City and Labrada.

With respect to the federal claims under the first, third, and fourth causes of action, 42 USC § 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured" (*Eckardt v City of White Plains*, 87 AD3d at 1051-1052 [internal quotation marks omitted]; *Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700, 703 [2010]). The Supreme Court properly, in effect, upon reargument, adhered to so much of the original determination as denied those branches of the defendants' motion which were for summary judgment dismissing the federal civil rights claims under the first, third, and fourth causes of action insofar as asserted against Labrada because, as noted, the defendants failed to eliminate a triable issue of fact on the issues of excessive

force, false arrest, and assault and battery, which may properly form the basis of a claim under 42 USC § 1983 (*see Hodges v Stanley*, 712 F2d 34, 36 [1983]; *Eckardt v City of White Plains*, 87 AD3d at 1051; *Delgado v City of New York*, 86 AD3d 502, 511 [2011]).

The first, third, and fourth causes of action, as well as the seventh cause of action, also asserted federal claims against the City. "A municipality is not liable under 42 USC § 1983 for an injury inflicted solely by its employees or agents" (*Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d at 703; *see Monell v New York City Dept. of Social Servs.*, 436 US 658, 694 [1978]), or "solely upon the doctrine of respondeat superior or vicarious liability" (*Lopez v Shaughnessy*, 260 AD2d 551, 552 [1999]; *see Connick v Thompson*, 563 US —, —, 131 S Ct 1350, 1359 [2011]; *Eckardt v City of White Plains*, 87 AD3d at 1052; *Alex LL. v Department of Social Servs. of Albany County*, 60 AD3d 199, 205 [2009]). Thus, to the extent that the first, third, fourth, and seventh causes of action sought to impose vicarious liability on the City for the actions of Labrada pursuant to 42 USC § 1983, the City is entitled to summary judgment dismissing those portions of the causes of action.

To the extent that the first, third, fourth, and seventh causes of action sought to impose liability on the City as an entity for its own alleged violations of the plaintiff's constitutional rights, such liability may be imposed only by establishing "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation" (*Canton v Harris*, 489 US 378, 385 [1989]; *see Connick v Thompson*, 563 US at —, 131 S Ct at 1359 [2011]; *Monell v New York City Dept. of Social Servs.*, 436 US at 694). The plaintiff must show that "the action that is alleged to be unconstitutional either implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or has occurred pursuant to a practice so permanent and well settled as to constitute a custom or usage with the force of law" (*Maio v Kralik*, 70 AD3d 1, 10-11 [2009] [internal quotation marks, brackets and citations omitted]; *see Eckardt v City of White Plains*, 87 AD3d at 1052).

Applying this principle, the City established its prima facie entitlement to judgment as a matter of law dismissing the federal claims asserted against it under the first, third, and fourth causes of action, insofar as such claims were premised upon allegations of Labrada's use of excessive force, false arrest, and assault and battery, respectively. The City adduced evidence sufficient to establish, prima facie, the lack of a causal link be-

tween its policies, customs, or practices, and the alleged constitutional violations. In opposition thereto, the plaintiff failed to raise a triable issue of fact.

The seventh cause of action alleged, inter alia, that the City was negligent in its training of police officers. Under "limited circumstances," proof of a municipality's "failure to train can [be the basis for] liability under § 1983" (*Canton v Harris*, 489 US at 387, 387 n 6). However, "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983" (*id.* at 389; *see Connick v Thompson*, 563 US at —, 131 S Ct at 1359-1360 [2011]; *Pendleton v City of New York*, 44 AD3d 733, 736-737 [2007]). Three requirements must be met before liability may be imposed. First, "the plaintiff must show that a policymaker knows 'to a moral certainty' that [his or] her employees will confront a given situation," for liability will not be imposed based upon failure to train for "rare or unforeseen events" (*Walker v City of New York*, 974 F2d 293, 297 [1992], *cert denied* 507 US 961, 507 US 972 [1993], quoting *Canton v Harris*, 489 US at 390 n 10). In this respect, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' " (*Connick v Thompson*, 563 US at —, 131 S Ct at 1360, quoting *Board of Comm'rs of Bryan Cty. v Brown*, 520 US 397, 409 [1997]). Second, "the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation" (*Walker v City of New York*, 974 F2d at 297). Finally, "the plaintiff must show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights" (*id.* at 298). Where the plaintiff establishes all three elements, "it can be said with confidence that the policymaker should have known that inadequate training or supervision was 'so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need' " (*id.*, quoting *Canton v Harris*, 489 US at 390).

Here, municipal officials could certainly expect that police officers would be confronted with individuals who needed medical assistance and could further expect that some individuals would refuse medical assistance. However, a situation such as this— where an individual received some medical assistance, but then violently refused further treatment and transport to the hospital

that was needed in light of the treatment already rendered—is the sort of "rare or unforeseen event[ ]" for which liability under 42 USC § 1983 does not arise (*Walker v City of New York,* 974 F2d at 297; *see Connick v Thompson,* 563 US at —, 131 S Ct at 1360 [2011]). Similarly, while this situation surely presented the police officers with a "difficult choice," it was not "a difficult choice of the sort that training or supervision will make less difficult" (*Walker v City of New York,* 974 F2d at 297). In sum, while training in dealing with situations like the one at bar might be desirable, any failure on the part of the City to offer its police officers such training cannot be characterized as "deliberate indifference" (*Canton v Harris,* 489 US at 389 [internal quotation marks omitted]; *Connick v Thompson,* 563 US at —, 131 S Ct at 1359 [internal quotation marks omitted]). Thus, the City established its prima facie entitlement to judgment as a matter of law dismissing the alleged violation of 42 USC § 1983 based upon negligent training of police officers insofar as asserted against it under the seventh cause of action, and the plaintiff failed to raise a triable issue of fact in opposition thereto.

Further, as correctly conceded by the plaintiff, the New York common-law claim of negligent training asserted against the City under the seventh cause of action must also be dismissed. Generally where, as here, the employee was acting within the scope of his employment, the employer may be held liable for the employee's torts under a theory of respondeat superior, and no claim may proceed against the employer for negligent supervision or training under New York common law (*see Eckardt v City of White Plains,* 87 AD3d at 1051; *Talavera v Arbit,* 18 AD3d 738, 738 [2005]; *Karoon v New York City Tr. Auth.,* 241 AD2d 323 [1997]). Accordingly, the Supreme Court should have, upon reargument, vacated so much of the original determination as denied that branch of the defendants' motion which was for summary judgment dismissing both the state and federal claims premised upon allegations of negligent training under the seventh cause of action insofar as asserted against the City, and thereupon granted that branch of the motion.

On appeal, the plaintiff has properly conceded that the thirteenth cause of action to recover damages for negligent assumption of a duty should be dismissed as duplicative insofar as asserted against the City and Labrada.

The second cause of action arose from the same facts as the first and third causes of action and did not allege distinct damages; therefore, that cause of action should have been dismissed as duplicative insofar as asserted against the City and Labrada

(*see Tsafatinos v Lee David Auerbach, P.C.*, 80 AD3d 749, 750 [2011]; *Leonard v Reinhardt*, 20 AD3d 510 [2005]).

In sum, the Supreme Court properly, in effect, upon reargument, adhered to so much of the original determination as denied those branches of the defendants' motion which were for summary judgment dismissing the New York common-law claims insofar as asserted against the City under the first, third, and fourth causes of action, and the New York common law and 42 USC § 1983 claims insofar as asserted against Labrada under the first, third, and fourth causes of action. However, the Supreme Court should have, in effect, upon reargument, vacated so much of the original determination as denied those branches of the defendants' motion which were for summary judgment dismissing the second and thirteenth causes of action insofar as asserted against the City and Labrada, so much of the first, third, and fourth causes of action as alleged violations of 42 USC § 1983 insofar as asserted against the City, and the seventh cause of action insofar as asserted against the City, and thereupon granted those branches of the motion. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.