In an action to recover damages for assault, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated February 15, 2011, which granted the defendant’s motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the plaintiff and for judgment as a matter of law.
Ordered that the order is affirmed, with costs.
A motion pursuant to CPLR 4404 (a) to set aside a jury verdict and for judgment as a matter of law will be granted where there *1003 is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]; Courtney v Port Auth. of N.Y. & N.J., 45 AD3d 801, 802 [2007]; Desbonnet v Desbonnet, 34 AD3d 625, 626 [2006]).
Here, the plaintiffs apartment was searched by officers of the New York City Police Department, pursuant to a lawful warrant. Pursuant to the warrant, the officers were searching for two young male suspects, certain narcotics, and related paraphernalia. Eventually the police came to realize that none of the occupants of the apartment, including the 55-year-old female plaintiff, was a suspect described in the warrant, and that the apartment did not contain narcotics or related paraphernalia. According to the plaintiff, when the police first entered the apartment, one of the officers pointed a weapon at her. At trial, she was unable to testify as to how long he pointed the weapon at her, but testified that it “seemed like it was forever.” Police officers, on the other hand, testified that officers assigned to the Emergency Services Unit (hereinafter ESU), who were the first officers to enter the plaintiffs apartment, were the only officers with their guns drawn, and that, once the remaining officers were inside the apartment, no one pointed a gun at the plaintiff.
The sole cause of action presented to the jury was one to recover damages for assault, based on the officer’s act of pointing a weapon at the plaintiff. The jury found the defendant liable for assault, and awarded damages to the plaintiff, finding that she developed posttraumatic stress disorder as a result of the incident.
A municipality may be vicariously liable for a common-law assault, premised upon an assault by a police officer, under a theory of respondeat superior (see Eckardt v City of White Plains, 87 AD3d 1049, 1051 [2011]; Merritt v Village of Mamaroneck, 233 AD2d 303, 304 [1996]). “[A] warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted” (Michigan v Summers, 452 US 692, 705 [1981]). “[Authorization to detain an occupant of the place to be searched is the authority to use reasonable force to effectuate the detention” (Muehler v Mena, 544 US 93, 98-99 [2005]; see Graham v Connor, 490 US 386, 396 [1989]). Therefore, an officer executing a search warrant is privileged to use reasonable force to effectuate the detention of the occupants *1004 of the place to be searched (see Graham v Connor, 490 US at 394-395; cf. Moore v City of New York, 68 AD3d 946, 947 [2009]; Eckardt v City of White Plains, 87 AD3d at 1052). The reasonableness of the use of force by police should be “judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight” (Graham v Connor, 490 US at 396; see Rivera v City of New York, 40 AD3d 334, 341 [2007]).
Here, viewing the trial evidence in the light most favorable to the plaintiff, the ESU officer who pointed his weapon at her did so for only as long as it took the ESU to secure the apartment by ensuring that there were no immediate threats in the apartment to the safety of any officer. As soon as the apartment was found to be secure, the officer stopped pointing his weapon at the plaintiff. Contrary to the plaintiffs contention, there was insufficient evidence that he continued to point his weapon at her after it was determined that she was neither a suspect listed in the warrant nor a threat to the officers (cf. Baird v Renbarger, 576 F3d 340, 345 [2009]; Holland ex rel. Overdorff v Harrington, 268 F3d 1179, 1193 [2001], cert denied 535 US 1056 [2002]). Under these circumstances, we conclude that no valid line of reasoning and permissible inferences could possibly lead rational persons to conclude that the officer’s act was objectively unreasonable or, consequently, that it constituted a common-law assault (see Los Angeles County v Rettele, 550 US 609 [2007]; Muehler v Mena, 544 US 93 [2005]; Michigan v Summers, 452 US 692 [1981]; cf. Eckardt v City of White Plains, 87 AD3d at 1052; Moore v City of New York, 68 AD3d at 947). Accordingly, the Supreme Court properly granted the defendant’s motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the plaintiff and for judgment as a matter of law. Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.