■ RALPH S. COMBS, Appellant-Respondent, v CITY OF NEW YORK et al., Respondents-Appellants. [15 NYS3d 67]—

In an action, inter alia, to recover damages for false arrest, use of excessive force, and civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Landicino, J.), dated April 4, 2013, as denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging false arrest, and granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging civil rights violations pursuant to 42 USC § 1983, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the causes of action alleging false arrest and use of excessive force.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging civil rights violations pursuant to 42 USC § 1983 insofar as asserted against the defendant Detective Robert Johnson, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff was arrested by the defendant Detective Robert Johnson after the plaintiff allegedly sold narcotics to an

undercover police officer (hereinafter the undercover officer) during a "buy and bust" operation. The defendant was arraigned on charges of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees. The arraignment charges were dismissed and sealed approximately one month later.

The defendant then commenced this action against the City of New York, the New York City Police Department (hereinafter the NYPD), and Detective Johnson to recover damages, inter alia, for false arrest, excessive use of force, and civil rights violations pursuant to 42 USC § 1983. The plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging false arrest. The defendants cross-moved, among other things, for summary judgment dismissing the causes of action alleging false arrest, excessive use of force, and civil rights violations pursuant to 42 USC § 1983. The Supreme Court denied the aforementioned branch of the plaintiff's motion and granted only that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging civil rights violations pursuant to 42 USC § 1983.

The Supreme Court properly determined that neither the defendants nor the plaintiff was entitled to summary judgment with respect to the cause of action alleging false arrest. The existence of probable cause constitutes a complete defense to a cause of action alleging false arrest (see Gisondi v Town of Harrison, 72 NY2d 280, 283 [1988]; Paulos v City of New York, 122 AD3d 815, 817 [2014]; Rakidjian v County of Suffolk, 28 AD3d 734, 735 [2006]). "However, probable cause is a question of law, to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn therefrom" (Fausto v City of New York, 17 AD3d 520, 521 [2005]; see Fortunato v City of New York, 63 AD3d 880 [2009]).

Here, the defendants met their initial burden of demonstrating their entitlement to judgment as a matter of law dismissing the cause of action alleging false arrest by establishing, prima facie, that there was probable cause for the plaintiff's arrest through the deposition testimony of Detective Johnson, the arresting officer. Probable cause for a warrantless arrest may be established through hearsay evidence that satisfies the two-pronged Aguilar-Spinelli test (see Spinelli v United States, 393 US 410 [1969]; Aguilar v Texas, 378 US 108 [1964]; People v Ketcham, 93 NY2d 416, 420 [1999]; People v Oglesby, 121 AD3d 818, 819 [2014]). That two-part test is met by demon-

strating "the reliability of the hearsay informant and the basis of the informant's knowledge" (*People v Ketcham*, 93 NY2d at 420; *People v Oglesby*, 121 AD3d at 819). Where "the hearsay informant is a police officer who imparts to fellow officers information gathered while personally participating in or observing an undercover drug transaction" both prongs of that test are generally satisfied (*People v Ketcham*, 93 NY2d at 420; *see People v Washington*, 87 NY2d 945, 946-947 [1996]; *People v Petralia*, 62 NY2d 47, 51-52 [1984]; *People v Oglesby*, 121 AD3d at 820; *People v Green*, 13 AD3d 646 [2004]).

Here, Detective Johnson testified that, after receiving a communication from the undercover officer to the effect that the undercover officer had purchased drugs from an individual matching a particular description at a particular location, Detective Johnson arrested the defendant, who matched the description, in proximity to that location. Accordingly, the defendants demonstrated, prima facie, based solely on Detective Johnson's testimony, that Detective Johnson had probable cause to arrest the defendant (*see People v Ketcham*, 93 NY2d at 420; *People v Washington*, 87 NY2d at 946-947; *People v Petralia*, 62 NY2d at 51-52; *People v Oglesby*, 121 AD3d at 820; *People v Green*, 13 AD3d 646 [2004]).

However, in opposition, the plaintiff raised triable issues of fact as to whether there was probable cause for his arrest. Among other things, he raised triable issues of fact as to whether the undercover officer actually participated in a drug transaction as he described in the communication to Detective Johnson (*see generally People v Petralia*, 62 NY2d at 52 [recognizing that there may be cases when the evidence raises "substantial issues relating to the validity of the arrest," thus warranting evidence from the undercover officer]). Contrary to the defendants' suggestion, " 'an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest' " (*People v Petralia*, 62 NY2d at 51, quoting *Whiteley v Warden, Wyo. State Penitentiary*, 401 US 560, 568 [1971]). Accordingly, that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging false arrest was properly denied. Further, in light of the existing questions of fact, that branch of the plaintiff's motion which was for summary judgment on the issue of liability on that cause of action was also properly denied.

"Claims that law enforcement personnel used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its standard of objective reasonableness"

(*Moore v City of New York*, 68 AD3d 946, 947 [2009]; *see Graham v Connor*, 490 US 386, 394-395 [1989]; *Ostrander v State of New York*, 289 AD2d 463, 464 [2001]). "Because of its intensely factual nature, the question of whether the use of force was reasonable under the circumstances is generally best left for a jury to decide" (*see Holland v City of Poughkeepsie*, 90 AD3d 841, 844 [2011]).

Here, the defendants failed to eliminate triable issues of fact as to whether Detective Johnson used force to effect the plaintiff's arrest and whether any such use of force was objectively reasonable under the circumstances. Therefore, the Supreme Court properly denied that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action (*see Eckardt v City of White Plains*, 87 AD3d 1049, 1052-1053 [2011]).

The Supreme Court also properly granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging civil rights violations pursuant to 42 USC § 1983 insofar as asserted against the City and the NYPD. " '[A] 42 USC § 1983 action may lie against a municipality if the plaintiff shows that the action that is alleged to be unconstitutional either implement[s] or execute[s] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers or has occurred pursuant to a practice so permanent and well settled as to constitute a custom or usage with the force of law' " (*Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d 700, 703 [2010], quoting *Maio v Kralik*, 70 AD3d 1, 10-11 [2009]). However, a municipality "cannot be held liable pursuant to 42 USC § 1983 based solely upon the doctrine of respondeat superior or vicarious liability" (*Lopez v Shaughnessy*, 260 AD2d 551, 552 [1999]; *see Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d at 703). Here, in opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the alleged unconstitutional actions resulted from a policy, regulation, or custom of the City or the NYPD (*see Hudson Val. Mar., Inc. v Town of Cortlandt*, 79 AD3d at 704).

However, the Supreme Court erred in granting that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action alleging civil rights violations pursuant to 42 USC § 1983 insofar as asserted against Detective Johnson, in light of the defendants' failure to eliminate all triable issues of fact with respect to the cause of action alleging excessive use of force (*see Holland v City of Poughkeepsie*, 90 AD3d at 846-847; *Eckardt v City of White Plains*, 87 AD3d at 1051).

The parties' remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.