Idelfonso v City of New York (2020 NY Slip Op 05854)





Idelfonso v City of New York


2020 NY Slip Op 05854


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Kapnick, J.P., Singh, Kennedy, Mendez, JJ. 


Index No. 302462/15 Appeal No. 12114 Case No. 2019-04164 

[*1]Andres Idelfonso, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Sim & DePaola, LLP, Bayside (Sang J. Sim of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (MacKenzie Fillow of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 13, 2019, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion, except as to plaintiff's claim of excessive force, and otherwise affirmed, without costs.
To the extent that plaintiff's excessive force claim is predicated on denial of medical treatment while in custody, the court correctly determined that this theory of liability was not pled in either the notice of claim or the complaint (see Price v City of New York, 172 AD3d 625, 628-629 [1st Dept 2019], appeal dismissed 34 NY3d 989 [2019]). In any event, plaintiff testified inconsistently about whether he was denied medical treatment while in custody, and his testimony was therefore insufficient to raise an issue of fact on the matter. To the extent that the excessive force claim is predicated on plaintiff being handcuffed, photographed, fingerprinted, and searched by the police, the excessive force claim is duplicative of his assault and battery claims (cf. Holland v City of Poughkeepsie, 90 AD3d 841, 849-850 [2d Dept 2011]).
However, the balance of defendants' motion should have been denied because defendants failed to establish prima facie that they had probable cause to arrest plaintiff for criminal possession of a weapon or firearm (Penal Law §§ 265.01[1], 265.01-b[1], 265.03[3]), which is the lynchpin to plaintiff's claims for false arrest, false imprisonment, malicious prosecution, assault and battery (see Hernandez v City of New York, 100 AD3d 433 [1st Dept 2012], lv dismissed 21 NY3d 1037 [2013]), as well as the arresting officer's entitlement to qualified immunity (see Tiburcio v City of New York, 172 AD3d 455, 456 [1st Dept 2019]). While "the police are not obligated to pursue every lead that may yield evidence beneficial to the accused, even though they had knowledge of the lead and the capacity to investigate it" (Gisondi v Town of Harrison, 72 NY2d 280, 285 [1988]), plaintiff's claim that he temporarily lawfully possessed the gun at issue after an alleged altercation with a drug dealer who attempted to rob him was not merely a lead. Rather, as soon as plaintiff flagged down the officers, he told them that he had been shot and volunteered that he had the drug dealer's gun on his person, which he immediately surrendered.
Assuming, without deciding, that defendants could meet their prima facie burden by identifying probable cause to arrest plaintiff for an uncharged crime or offense (cf. Jaegly v Couch, 439 F 3d 149, 153 [2d Cir 2006]; Matter of William H., 264 AD2d 676 [1st Dept 1999]; People v Duprey, 98 AD2d 110, 113 [1st Dept 1983], lv denied 61 NY2d 762 [1984]), they failed to do so. Specifically, defendants have not established probable cause to arrest plaintiff for trespass (see Penal Law §§ 140.05-140.17), since there is no evidence that plaintiff knowingly entered or remained unlawfully in the basement where his altercation with the drug dealer took place. Nor did they establish probable cause to arrest plaintiff for attempted criminal possession of marijuana (see Penal Law §§ 221.15-221.30) or attempted unlawful possession of marijuana in the first degree (see Penal Law § 221.10), since there is no evidence as to the quantity of marijuana that plaintiff allegedly attempted to possess. Finally, defendants failed to establish prima facie probable cause to arrest and detain plaintiff to the extent that they did for attempted unlawful possession of marijuana in the second degree (see Penal Law § 221.05), since, had they so charged him, they only would have been permitted to issue a desk appearance ticket (see CPL 150.75). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020