■ JAMES F. SCHIAVONE et al., Respondents, v COUNTY OF NASSAU et al., Defendants, and "JOHN" KAMENSKY et al., Appellants.—In an action to recover damages for medical malpractice, etc., the individual defendants appeal from so much of an order of the Supreme Court, Nassau County, dated June 9, 1975, as, upon reargument, adhered to a prior determination contained in an order of the same court, dated April 22, 1975, which denied their motion to dismiss the complaint for failure to state a cause of action. Order affirmed insofar as appealed from, with $50 costs and disbursements. The sole issue on this appeal is whether, in suits against physicians employed by a county, subdivision 2 of section 52 of the County Law is superseded by section 50-d of the General Municipal Law. The former

provision requires that in suits for all nature of torts against a county a notice of claim must be served, within 90 days of the time the claim arises, upon the county and must "also [be] served personally or by registered mail upon [any party] officer, agent, servant or employee within the same period of time." Section 50-d of the General Municipal Law, on the other hand, which is entitled "Municipal liability for malpractice of certain [municipally employed] physicians, resident physicians [and] interns" requires that such suits be commenced in compliance with sections 50-e and 50-i of the General Municipal Law, which merely require service of a notice of claim upon the municipality alone within 90 days. The General Municipal Law provisions do not require personal service of the notice of claim upon the individual official, servant, agent or employee of the municipality. Plaintiffs timely served notice of their malpractice claim against Nassau County, but no notice of claim was served, personally or otherwise, upon the two doctors also named as defendants. Summonses and complaints were subsequently served on the county, the hospital, and the two doctors. Issue was joined on or about April 30, 1971, when the County Attorney, designating himself as the "Attorney for Defendants", served a verified answer which denied the material allegations of the complaint. By motion returnable March 28, 1975, the County Attorney, again designating himself as the "Attorney for Defendants", sought an order dismissing the complaint as against the two doctors for failure to state a cause of action, on the ground that plaintiffs had not served notices of claim personally or by registered mail on those physicians as required by subdivision 2 of section 52 of the County Law. Special Term denied the motion to dismiss based upon *Stephens v Department of Health of Orange County* (64 Misc 2d 81). We hold that the denial of the motion was proper and, accordingly, affirm the order under review. As stated by the Court of Appeals in *Teresta v City of New York* (304 NY 440, 443): "The prime, if not the sole, objective of the notice requirements of such a statute [the County Law or General Municipal Law provisions at issue] is to assure the [municipality] an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available." Although *Sandak v Tuxedo Union School Dist. No. 3* (308 NY 226) involved a different statute, the situation there was much the same as in the instant case. The following language from that decision is appropriate (pp 232–233): "[t]he teachers [whose alleged negligence caused injury to a student] * * * were present at the time the accident occurred, and had first-hand knowledge of the circumstances. Unlike a municipal corporation, the teachers needed no opportunity to investigate the claim, and consequently had no need for advance notice thereof." As in *Sandak,* the physicians in the instant case allegedly performed the acts complained of; they needed no advance notice, as does a municipality, to investigate facts of which they were unaware or to obtain information which subsequently might cease to be available. The provisions of section 50-d of the General Municipal Law, which single out, among others, municipally-employed physicians, for special treatment, were enacted in 1960, the year after the latest amendment of subdivision 2 of section 52 of the County Law. Even though the Legislature did not specifically repeal the latter subdivision, it was repealed by implication in cases involving municipally-employed physicians, by section 50-d of the General Municipal Law (cf. *Hastings v Byllesby & Co.,* 293 NY 413, 419). On a purely practical basis, it is obvious that, uniquely in medical malpractice actions, a potential claimant may be unable to ascertain the perpetrators of the alleged malpractice within the 90-day notice period. The instant case is

distinguishable from *Kritzer v County of Nassau* (47 AD2d 950), a recent decision in this court. In *Kritzer* the plaintiff commenced a malicious prosecution suit, naming as defendants an individual policeman and the latter's employer, the County of Nassau. This court held that subdivision 2 of section 52 of the County Law required service of a notice of claim on the individual policeman. There is no statutory provision equivalent to section 50-d of the General Municipal Law which dispenses with the requirement of the service of a notice of claim on individual policemen named in malicious prosecution suits, and hence the provision of the County Law controlled. Martuscello, Acting P. J., Cohalan, Margett, Damiani and Rabin, JJ., concur.