TRAVELERS INDEMNITY COMPANY, as Subrogee of JEFFREY PERL-MAN, Plaintiff, v CITY OF YONKERS et al., Defendants.

City Court of Yonkers, December 14, 1988

## APPEARANCES OF COUNSEL

*Paul W. Pickelle, Corporation Counsel,* for defendants. *David B. Horowitz* for plaintiff.

## OPINION OF THE COURT

JOHN R. LaCAVA, J.

This is a motion by defendant to dismiss plaintiff's complaint for failure to properly serve a notice of claim pursuant to section 50-e of the General Municipal Law and for failing to name the defendant, Louise Dulak, on said notice. The motion is denied.

■ Assuming that the notice was served ·by ordinary first class mail as defendant's exhibit B indicates, it would be defective pursuant to section 50-e (3) (a). In such an event, section 50-e (3) (c) sets forth the municipality's obligation and requires the city to specify the defect in the manner of service. This the city clearly failed to do. By letter dated April 13, 1987 the city returned the purportedly defective notice of claim but failed to *specify the nature* of the alleged defect. A simple statement that the (otherwise timely) notice was not served by registered or certified mail would have satisfied the statutory requirement of section 50-e (3) (c). This is particularly relevant in the instant set of circumstances where the irregularity in service appears to have been clerical in nature or one of law office failure. The notice sets forth the direction of service by certified or registered mail and the attorney who prepared it can only have assumed that it was so mailed. How could he or she assume that the nature of the reason of the city's rejection of the notice was an improper mailing when the attorney's direction was for a mailing of the notice by registered or certified mail? This is precisely what the requirement of section 50-e (3) (c) was intended for, that is to notify an offending party of the exact nature of any defect in a notice of claim in order to allow the party to take appropriate action to cure the defect in a timely manner.

The failure of the city to comply with the requirements of section 50-e (3) (c) estops it from asserting defective service of the notice of claim as a basis for the dismissal of the lawsuit. Since defendant failed to specify the alleged defect in the manner of service, the service is deemed valid in accordance with section 50-e (3) (c).

■ With regard to that ground of the motion to dismiss which alleges the failure to name Louise Dulak as defendant,

the court is not aware of any provision in the General Municipal Law which would require the plaintiff to name any officer, appointee or employee in a notice of claim where the municipality was so named as a party. Even assuming that such a requirement existed, pursuant to section 50-e (6) the court would be inclined to disregard the omission in its discretion since the city has failed to show any prejudice caused by the omission of the name of the known employee in the notice.

For the above reasons, the defendant's motion to dismiss is in all respects denied.