12-663-cv
Flynn v. James

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand thirteen.

PRESENT: DENNY CHIN,
CHRISTOPHER F. DRONEY,
        Circuit Judges,
JANE A. RESTANI,
        Judge.*

- - - - - - - - - - - - - - - - - - - -x

BRUCE FLYNN,

        Plaintiff-Appellant,

        -v.-                                12-663-cv

DEBRA A. JAMES, GEORGE DYER,
Investigator, New York State Police
Department, MICHAEL MADORE, Investigator,
New York State Police Department, JOSHUA
FOWLER, New York State Trooper, MCCARTY,
New York State Trooper,
        Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Bruce Flynn, pro se, Marcy, New York.

FOR DEFENDANTS-APPELLEES        Kate H. Nepveu, Denise A. Hartman,
GEORGE DYER, MICHAEL MADORE,    Assistant Solicitors General for
JOSHUA FOWLER, AND MCCARTY:     Barbara D. Underwood, Solicitor General, and Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

---

\* The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

Appeal from the United States District Court for the Northern District of New York (McAvoy, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Bruce Flynn, proceeding pro se, appeals from the district court's judgment entered January 24, 2012 dismissing his complaint in accordance with its Decision and Order entered the same day. Flynn asserted a claim under 42 U.S.C. § 1983 against defendants-appellees Debra A. James, George Dyer, Michael Madore, Joshua Fowler, and McCarty for purportedly violating his rights under the Fourth, Fifth, and Fourteenth Amendments. Compl. at 1, Flynn v. James, No. 8:11 Civ. 1036 (N.D.N.Y. Aug. 31, 2011), ECF No. 1. This civil action was filed below after Flynn pled guilty in state court to burglary in the second degree, in violation of N.Y. Penal Law § 140.25(1)(d), and criminal use of a firearm in the second degree, in violation of N.Y. Penal Law § 265.08(2), for which crimes Flynn was sentenced principally to two concurrent terms of ten years' imprisonment.

On appeal, Flynn principally argues that Dyer and Madore, investigators with the New York State Police Department (the "Investigators"), illegally searched his home and seized his property after Madore obtained an invalid consent to search from Flynn.[1] We assume the parties' familiarity with the underlying

---

[1] Flynn had also argued below that Fowler and McCarty executed an unlawful warrantless arrest in violation of his rights under the Fourth Amendment. The district court dismissed, finding that the arresting officers had probable cause. Flynn does not challenge this ruling on appeal.

-2-

facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, accepting all factual allegations as true, and drawing all reasonable inferences in the plaintiff's favor. See Famous Horse Inc. v. 5th Ave. Photo Inc., 624 F.3d 106, 108 (2d Cir. 2010). While pro se complaints must contain sufficient factual allegations to meet the plausibility standard, this Court construes them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted).

To state a claim under § 1983, Flynn was required to plausibly allege that "(1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

Under the Fourth and Fourteenth Amendments, a warrantless search of a home is unreasonable unless an exception applies, such as a search conducted pursuant to consent. See Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973); United States v. Garcia, 56 F.3d 418, 422 (2d Cir. 1995). The consent must be voluntary, and voluntariness is determined by the totality of the circumstances. See United States v. Snype, 441 F.3d 119, 131 (2d Cir. 2006). "'The standard for measuring the

-3-

scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness . . . .'" <u>Garcia</u>, 56 F.3d at 423 (quoting <u>Florida v. Jimeno</u>, 500 U.S. 248, 251 (1991)).

Although Flynn consented to a search of his home, he challenges the validity of the consent on the basis that it was executed after he invoked his right to counsel. Flynn's invocation of his right to counsel, however, has no bearing on the validity of his consent because a request for consent to search is not an interrogation within the meaning of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966). <u>See</u> <u>United States v. Faruolo</u>, 506 F.2d 490, 495 (2d Cir. 1974). A defendant's "consent to search is not 'evidence of a testimonial or communicative nature'" and therefore it does not implicate the right to counsel. <u>Id.</u> (quoting <u>Schmerber v. California</u>, 384 U.S. 757, 761 (1966)).

Flynn next contends that his Fifth Amendment right against self incrimination was violated because the cassette tape obtained during the search of his home contained incriminating statements. That argument must be rejected, as the Fifth Amendment only proscribes "extract[ing] from the person's own lips an admission of guilt, which would thus take the place of other evidence." <u>United States v. Patane</u>, 542 U.S. 630, 637 (2004) (internal quotation marks, citation, and emphasis in original omitted). Here, the cassette had been voluntarily prepared by Flynn before the involvement of any police officers, and thus it "could not 'be said to contain compelled testimonial

-4-

evidence.'" United States v. Greer, 631 F.3d 608, 613 (2d Cir. 2011) (quoting Fisher v. United States, 425 U.S. 391, 409-10 (1976)).

Flynn also argues that the Investigators exceeded the scope of his consent, i.e., that they searched his entire home when he gave consent only as to his "[d]iabetic medication and test kit and black long rifle . . . ." The consent Flynn executed, however, provides: "I grant permission for the State Police to search the entire premises, including the contents of any containers or boxes found thereon." Because we employ an objective standard for measuring the scope of a defendant's consent, we conclude that the Investigators did not exceed the scope of Flynn's consent in searching his entire home.

Flynn argues for the first time on appeal that his consent was coerced and that he consented only because the Investigators agreed to retrieve his diabetic medicine from his home while conducting the search. Flynn did not make this allegation in his complaint, nor did he argue this issue in the proceedings below. See generally Pl.'s Opp'n to Defs.' Mot. to Dismiss, Flynn v. James, No. 8:11 Civ. 1036 (N.D.N.Y. Nov. 16, 2011), ECF No. 12. Arguments raised for the first time on appeal are deemed waived. See Baker v. Dorfman, 239 F.3d 415, 423 (2d Cir. 2000). Accordingly, we decline to consider Flynn's belated argument that his consent was coerced.

Flynn similarly argues for the first time on appeal that the district court erred in dismissing his complaint without granting him leave to amend.  Flynn did not seek leave to amend below.  Thus, we decline to consider Flynn's argument in this regard.

We have considered all of Flynn's remaining arguments and conclude they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk