OPINION OF THE COURT
Francesca E. Connolly, J.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained on June 15, 2011 when the City of New Rochelle’s police officers searched her home. The defendants move for summary judgment dismissing the complaint in its entirety.
Factual Background/Procedural History
The Notice of Claim
On or about August 12, 2011, the plaintiff served a notice of claim on the City of New Rochelle (hereinafter the City) setting forth various claims against the City including, among others, intentional infliction of emotional distress, violation of 42 USC § 1983, unlawful imprisonment, malicious prosecution, and negligent and excessive use of force. The notice asserted that *368 “[t]he claim arose on June 15, 2011 at the claimants’ home at 374 North Avenue in New Rochelle, New York, approximately 3:00 p.m., when [the plaintiff] was seized, detained, handcuffed and verbally abused by New Rochelle Police Officers” (see notice of claim ¶ 3). The notice did not state the names of individual police officers involved in the alleged incident.
The Complaint and Amended Complaint
The plaintiff commenced this action on or about June 15, 2012 against the City, Detective Fudge, Detective Jackson, Sergeant Salerno, Sergeant Johnson, Officer Martinez, Officer Falcone, and John and Jane Does asserting state law causes of action for false arrest/false imprisonment, assault, battery, and intentional infliction of emotional distress. The state law causes of action were also asserted against the City based upon the theory of respondeat superior. The plaintiff also asserted a cause of action pursuant to 42 USC § 1983 against all the defendants. Thereafter, on or about May 23, 2013, the plaintiff amended the complaint to add the defendants Detective Carpano and Lieutenant Hearle. The City and the individual officers collectively answered the amended complaint, asserting, among other defenses, an affirmative defense based on the statute of limitations.
The Defendants’ Motion for Summary Judgment
In support of their motion, the defendants rely upon, among other things, the deposition transcripts of Detective O’Rourke, Lieutenant Hearle, Detective Carpano, Sergeant Johnson, Detective Fudge, Sergeant Salerno, Officers Falcone and Martinez, and the plaintiff.
According to the plaintiffs deposition and General Municipal Law § 50-h hearing,[1] on June 15, 2011, at approximately 2:45 p.m., the plaintiff was home in her apartment located in New Rochelle, preparing to shower by removing her pants and underwear when she heard the police knock on her door (see plaintiffs deposition at 5, 13, 19; plaintiffs 50-h hearing at 20-21). The officers announced they were from the New Rochelle Police Department, and the plaintiff asked, while the door was still closed, if they would wait a second because she was not wearing pants (plaintiffs deposition at 24-25). She “remembers them saying something about guns” and she immediately *369 opened the door (plaintiffs deposition at 25). After opening the door, she was faced by a “whole squad” of officers with their guns pointed at her. Using expletives, the police demanded that the plaintiff put her hands up and to step into the hallway (plaintiffs deposition at 26). At this point, more than five officers went into the plaintiffs apartment without her consent (plaintiffs deposition at 26; plaintiffs 50-h hearing at 29). While in the hallway for approximately 10 to 15 minutes, one of the officers pushed the plaintiff against the banister, pointed his gun at her forehead, placed one of his hands around her neck, and handcuffed her (plaintiffs deposition at 27-28, 67). The plaintiff testified that she thought “Detective Hurley” was the officer who pointed the gun at her forehead and handcuffed her {id. at 67). The plaintiff began crying and repeatedly pleaded with the officers to allow her to get dressed (plaintiffs 50-h hearing at 39). The same officer who was in the hallway with the plaintiff repeatedly asked her about the whereabouts of her brother Marlon (plaintiffs deposition at 27-28). After approximately 10 to 15 minutes, the plaintiff was brought back into her apartment. Once she was allowed back into her apartment, Detective O’Rourke took charge of the situation (plaintiff’s 50-h hearing at 36). While in her apartment, she was threatened that she was “going down” if she did not tell the officers her brother’s whereabouts (plaintiffs 50-h hearing at 32). After approximately 10 minutes inside her apartment, Detective O’Rourke removed the handcuffs (plaintiffs deposition at 37). At this time, the plaintiff was allowed to get dressed {id. at 36). Detective O’Rourke threatened the plaintiff that if she did not call him within 24 hours with information regarding her brother’s whereabouts, they would come back to arrest her (plaintiff’s 50-h hearing at 43). The officers were at the plaintiff’s apartment for a total of approximately 45 minutes (plaintiffs deposition at 38-39). Thereafter, the plaintiff learned that the police came to her apartment that day in search of her brother Marlon Scott, who was wanted in connection with a stabbing and a shooting (plaintiffs deposition at 44-45).
The defendants submit a copy of a felony arrest warrant for Marlon Scott that was issued by the Honorable Susan Kettner, New Rochelle City Court Judge, on June 14, 2011.
According to the deposition testimony of Lieutenant Hearle, on June 15, 2011, he was advised by Sergeant Brian Fagan of the New Rochelle Police Department that he had received information from a confidential informant that Marlon Scott could *370 be found at the plaintiffs apartment (Hearle at 13-14). Upon receiving this information, Lieutenant Hearle, Detective O’Rourke, and Detective Carpano responded to the plaintiff’s apartment (id. at 15). According to the deposition testimony of O’Rourke, when he arrived at the plaintiffs apartment, he had his gun drawn, knocked on the apartment door, identified himself as the police, and told the plaintiff to open the door (O’Rourke at 24). After approximately two to three minutes, the plaintiff, who was fully clothed, opened the door (Hearle at 18, 28; Carpano at 23, 38). After obtaining the plaintiffs consent, Lieutenant Hearle and Detective Carpano entered and searched the apartment for Marlon Scott, while Detective O’Rourke remained in the hallway with the plaintiff (O’Rourke at 31). Detective Carpano testified that he did not speak with the plaintiff and was inside the apartment for approximately one minute (Carpano at 38).
Sergeant Johnson, Sergeant Salerno, Detective Fudge, Officer Martinez, and Officer Falcone testified at their depositions that they neither entered the apartment building nor spoke with the plaintiff, and their only task was to form a perimeter around the outside of the apartment building to prevent the suspect Marlon Scott from escaping (Johnson at 8-9; Falcone at 12-19; Fudge at 8-11; Salerno at 8-11; Martinez at 8-14). According to Detective Jackson’s affidavit, he was briefly inside the plaintiffs apartment, but he did not speak with or otherwise have any physical contact with the plaintiff (Jackson affidavit ¶ 9-10).
Turning to the defendants’ legal arguments, the defendants contend that the plaintiffs state law claims against the individual defendants are procedurally barred since the plaintiff failed to name them in her notice of claim. Similarly, the defendants argue that although the plaintiff asserts a cause of action for civil assault in her complaint, that claim was not identified in her notice of claim and, therefore, it is procedurally barred. Next, the defendants contend that the plaintiff’s state law claims, insofar as against Lieutenant Hearle and Detective Carpano, are time-barred in that the original complaint, which was timely commenced within the one-year-and-90-day limitation period, did not name them as defendants. Since Lieutenant Hearle and Detective Carpano were not named as defendants until May 23, 2013, which was outside the statutory time period, the defendants contend that the relation-back doctrine does not apply.
The defendants contend that the plaintiff’s claims must be dismissed as against the individual officers, other than Lieuten *371 ant Hearle, in that they did not participate in the alleged violations of the plaintiffs civil rights. Further, the defendants argue that the plaintiffs 42 USC § 1983 claim must be dismissed as against the City insofar as conclusory allegations are insufficient to sustain a Monell claim. The plaintiffs fifth cause of action for intentional infliction of emotional distress must also fail as it is not viable against municipal defendants and, even if it was, the plaintiff cannot establish the requisite elements.
With respect to Lieutenant Hearle, the defendants contend that the plaintiffs claim for false arrest must fail because the plaintiff consented to the search of her apartment and, thus, the police were authorized to detain the plaintiff during the search. At the very least, the defendants argue that the officers present at the time of the search are entitled to qualified immunity. Lastly, the defendants argue that the plaintiff may not hold the City liable under a theory of respondeat superior because each state law claim that could possibly support such a theory should be dismissed.
The Plaintiffs Opposition
As an initial matter, in opposition, the plaintiff concedes that due to the defendants Fudge, Jackson, Salerno, Johnson, Martinez, Falcone and Carpano’s lack of personal participation in the violation of the plaintiffs civil rights, those claims insofar as asserted against these specific individual officers should be dismissed (see plaintiffs mem of law in opposition at 14). Additionally, the plaintiff concedes that her section 1983 claim asserted against the defendant City may be dismissed as the plaintiffs injuries were not directly caused by the City’s policy, custom, or practice as required to sustain such a claim {id. at 16).
In opposition to dismissal of the remaining causes of action, the plaintiff relies upon, among other things, her affidavit, deposition, and 50-h hearing transcript, as well as a copy of the New Rochelle Police Department event report, and a psychiatric evaluation report of the plaintiff from Robert Catenaccio, M.D.
The plaintiff contends that the defendants’ summary judgment motion should be denied, arguing, first, that the individual officers are not required to be named in a notice of claim where a municipality is also named and has sufficient information to allow an investigation of the incident. Second, the plaintiff argues that the state law claims as against Lieutenant Hearle are not time-barred since the relation-back doctrine allows a claim to be interposed against him as he is united in *372 interest with the City and other individual officers. Third, the state law and section 1983 claims are properly asserted against Lieutenant Hearle and Detective O’Rourke due to their personal participation in the incident. The plaintiff also contends that Detective O’Rourke and Lieutenant Hearle are liable for assault and battery. In her affidavit, the plaintiff avers that Lieutenant Hearle remained in the hallway with her, pointed his gun at her head, grabbed her by the neck, and demanded that she provide him with information.[2] Fourth, the plaintiff argues that her intentional infliction of emotional distress cause of action is viable as against Lieutenant Hearle and Detective O’Rourke in that they deliberately intended to cause trauma to the plaintiff. In support of this argument, Dr. Catenaccio opines in his report that the plaintiff is suffering from post-traumatic stress disorder, which was caused by the police incident. Further, Detective O’Rourke and Lieutenant Hearle are liable to the plaintiff for false arrest in that the search of her apartment was neither lawful nor consensual. The plaintiff also contends that Lieutenant Hearle and Detective O’Rourke are not entitled to qualified immunity due to the use of excessive force.
The Defendants’ Reply
In reply, the defendants contend, among other things, that the complaint must be dismissed as against Detective O’Rourke on ground of lack of personal participation since the plaintiff does not allege specific facts as to his participation in the incident.
Legal Analysis/Discussion
In light of the plaintiffs concessions, the court’s analysis is limited to the plaintiffs state and federal claims to the extent they are asserted against Detective O’Rourke and Lieutenant Hearle, as well as the state claims asserted against the City.
I. Notice of Claim
Turning to the first issue, this court must decide whether the plaintiff was required to name the individual defendants, Lieutenant Hearle and Detective O’Rourke, in its notice of claim as a condition precedent to the commencement of this action insofar as asserted against them. However, since the notice requirements of General Municipal Law § 50-e only apply to *373 state law causes of action, those requirements are not applicable to the plaintiffs first cause of action asserted pursuant to section 1983 (see Felder v Casey, 487 US 131 [1988]; Rowe v NYCPD, 85 AD3d 1001, 1002 [2d Dept 2011] [“(A) notice of claim is not a condition precedent to a cause of action, asserted pursuant to 42 USC § 1983, which seeks to recover damages premised on violations of federal civil or constitutional rights under color of state law”]; see also Meyer v County of Suffolk, 90 AD3d 720, 722 [2d Dept 2011] [“A cause of action pursuant to 42 USC § 1983 is not subject to a state statutory notice of claim requirement”]). Accordingly, the plaintiffs first cause of action is not subject to the following analysis.
As the parties argue, there is a split in authority between the First and Fourth Departments on this issue. In Tannenbaum v City of New York, the First Department held that “General Municipal Law § 50-e makes unauthorized an action against individuals who have not been named in a notice of claim” (30 AD3d 357, 358 [1st Dept 2006]). However, the Fourth Department in Goodwin v Pretorius held that the underlying purpose of General Municipal Law § 50-e “may be served without requiring a plaintiff to name the individual agents, officers or employees in the notice of claim” (105 AD3d 207, 216 [4th Dept 2013]).
Since the Second Department has not yet ruled on this issue, and since there is a conflict between the other departments, this court must consider which precedent it should follow (see Siegel, NY Prac, ch 17, § 449 [5th ed] [“It has been held that trial courts in one department should follow an appellate division precedent set in another until the local appellate division addresses the matter”]).
The requirements for a notice of claim are found in General Municipal Law § 50-e (2), which states:
“The notice shall be in writing, sworn to by or on behalf of the claimant, and shall set forth: (1) the name and post-office address of each claimant, and of his [or her] attorney, if any; (2) the nature of the claim; (3) the time when, the place where and the manner in which the claim arose; and (4) the items of damage or injuries claimed to have been sustained so far as then practicable.”
Here, although the notice of claim filed by the plaintiff against the City contains all of the statutorily required information (see General Municipal Law § 50-e [2]), prior to the Fourth Department’s decision in Goodwin, precedent from that department as *374 well as the First Department required that all employees, officers, and agents be named in the notice of claim.
This court begins its analysis with a brief history of the cases that have addressed this issue in New York. In deciding Tannenbaum, the First Department cited White v Averill Park Cent. School Dist., the only case which, at that time, abided by the proposition that General Municipal Law § 50-e required plaintiffs to give notice and name individuals in a notice of claim (see 195 Misc 2d 409, 412 [Sup Ct, Rensselaer County 2003] [“As plaintiffs gave no notice to the Board of Education of the Averill Park Central School District that it should look into claims against those individuals, plaintiffs may not prosecute their action against those individuals. . . . The school district’s efforts to investigate the plaintiffs’ claims cannot serve as a substitute for compliance with . . . General Municipal Law § 50-e”]). The Court in Tannenbaum also cited to the Second Department’s holding in Matter of Rattner v Planning Commn. of Vil. of Pleasantville (156 AD2d 521, 526 [2d Dept 1989]); however, as the Fourth Department in Goodwin correctly notes, this case
“held in relevant part that a notice of claim pursuant to General Municipal Law § 50-e is required for actions against individual parties where ‘it is clear that the [claims] were brought against them in their official capacities’ . . . Thus, the issue in Rattner . . . was whether a notice of claim, to be served on the public corporation, was required at all, not whether the notice of claim needed to name the specific individual employees” (Goodwin v Pretorius, 105 AD3d at 212).
The Fourth Department’s interpretation of the issue in Rattner is supported by later Second Department cases (see e.g. Smith v Scott, 294 AD2d 11 [2d Dept 2002] [notice of claim was required to be served on the municipality since the individuals were not acting outside the scope of their employment]; Conklin v Town of Ramapo, 214 AD2d 639, 640 [2d Dept 1995] [“The failure to timely serve such a notice is ‘fatal to the maintenance’ of a cause of action in tort”]).
Subsequently, Tannenbaum has been followed by the First Department, several lower courts, and federal courts (see e.g. Cleghorne v City of New York, 99 AD3d 443, 446 [1st Dept 2012] [“(T)he action cannot proceed against the individual defendants because they were not named in the notice of claim”]; Almas v Loza, 2011 NY Slip Op 32721[U], *6 [Sup Ct, NY County 2011] *375 [“(P)laintiffs did not name P.O. Fernando Loza in the notice of claim as an individual defendant. They only named the City of New York. Accordingly, plaintiffs’ individual claims against defendant Loza are dismissed in their entirety”]; Guzman v City of New York, 2011 NY Slip Op 30797[U], *5-6 [Sup Ct, NY County 2011] [“The notice of claim must identify any City employee against which a plaintiff intends to bring a cause of action, and the failure to do so requires dismissal of the cause of action”]; Martire v City of New York, 2009 NY Slip Op 31648[U], *4 [Sup Ct, NY County 2009] [“That a police officer need not be served with the notice of claim does not obviate the need to name the police office (r) in a notice of claim before asserting a tort or negligence action against him or her”]; Edwards v Jericho Union Free Sch. Dist., 904 F Supp 2d 294, 306 [ED NY 2012] [“It is well-settled within both New York state courts and this Circuit that Section 50-e of the General Municipal Law requires a plaintiff to name each defendant in the Notice of Claim in order to maintain a cause of action against that defendant” (citations omitted)]).
Turning to the Fourth Department’s analysis of the issue at bar, that Court had previously relied upon the First Department in Tannenbaum v City of New York, and held that General Municipal Law § 50-e makes unauthorized an action against individuals who have not been named in a notice of claim (see Rew v County of Niagara, 73 AD3d 1463 [4th Dept 2010]; Cropsey v County of Orleans Indus. Dev. Agency, 66 AD3d 1361, 1362 [4th Dept 2009], abrogated by Goodwin v Pretorius, 105 AD3d 207 [4th Dept 2013]). This court notes that the decision in Rew relied only upon Cropsey v County of Orleans Indus. Dev. Agency for that proposition, and the decision in Cropsey v County of Orleans Indus. Dev. Agency only relied upon Tannenbaum.
However, in Goodwin v Pretorius, the Fourth Department stated that “[w]hile recognizing the importance of stare decisis . . . [its] prior cases [which required naming of individual defendants] were wrongly decided” (105 AD3d 207, 210 [4th Dept 2013] ). In analyzing this issue, the court relied upon, among other cases, the rationale of the Second Department in Schiavone v County of Nassau (51 AD2d 980, 981 [2d Dept 1976]), and recognized “that a plaintiff may not have an opportunity to identify the perpetrators of the tort in such a short period of time, applies equally to whether those individuals must be named in a notice of claim” (Goodwin v Pretorius 105 AD3d at 214; Schiavone v County of Nassau, 51 AD2d at 981 [“a *376 potential claimant may be unable to ascertain the perpetrators of the alleged malpractice within the 90-day notice period”]).
The Court concluded that it (and other courts) created by “judicial fiat . . . requirement [s] for notices of claim that [go] beyond those requirements set forth in the statute,” and that “[i]f the legislature had intended that there be a requirement that the individual employees be named in the notices of claim, it could easily have created such a requirement” (Goodwin v Pretorius, 105 AD3d at 215-216; see also Verponi v City of New York, 31 Misc 3d 1230[A], 2011 NY Slip Op 50908[U], *5 [Sup Ct, Kings County 2011] [“While the text of GML § 50-e specifically requires the name of the claimant, it does not require the names of the employees against whom the claims are asserted. It only requires the time and place of the incident, but only the nature of the claim”]; Travelers Indemn. Co. v City of Yonkers, 142 Misc 2d 334, 336 [Yonkers City Ct 1988] [“(T)he court is not aware of any provision in the General Municipal Law which would require the plaintiff to name any officer, appointee or employee in a notice of claim where the municipality was so named as a party”]; Chamberlain v City of White Plains, 986 F Supp 2d 363, 397 [SD NY 2013] [there is no individual name requirement in a notice of claim so “long as the Notice of Claim ‘includes information sufficient to enable the city ot investigate’ and identify the municipal employees involved . . . (and) a failure to specifically name individual defendant employees should not bar suit against them” (citations omitted)]). The Court goes on to further note the purpose of section 50-e of the General Municipal Law and cites to the Court of Appeals, which has held on numerous occasions that “courts should focus on the purpose served by a Notice of Claim: whether based on the claimant’s description municipal authorities can locate the place, fix the time and understand the nature of the accident” (Goodwin v Pretorius, 105 AD3d at 216, citing Brown v City of New York, 95 NY2d 389, 393 [2000] [“The test of the sufficiency of a Notice of Claim is merely ‘whether it includes information sufficient to enable the city investigate.’ ‘Nothing more may be required’ ” (citations omitted)]; Rosenbaum v City of New York, 8 NY3d 1, 11 [2006] [“Put another way, the ‘plain purpose’ of statutes requiring prelitigation notice to municipalities ‘is to guard them against imposition by requiring notice of the circumstances . . . upon which a claim for damages is made, so that its authorities may be in a position to investigate the facts *377 as to time and place, and decide whether the case is one for settlement or litigation’ ”]; O’Brien v City of Syracuse, 54 NY2d 353, 358 [1981]). Accordingly, the Fourth Department determined that its former determination was contrary to reason insofar as the underlying purpose of General Municipal Law § 50-e can be satisfied without requiring the claimant to name the individual agents, officers or employees whose conduct has been drawn into question in the notice of claim (see Goodwin v Pretorius, 105 AD3d at 216).
Although the Second Department has not ruled on the issue of whether, as a condition precedent to commencement of an action, a plaintiff is required to name individual employees, officers, or agents in a notice of claim, this court will follow the rationale of the Fourth Department in Goodwin v Pretorius. Indeed, the test to determine whether a notice of claim complies with section 50-e of the General Municipal Law is “merely ‘whether it includes information sufficient to enable the city to investigate,’ ” not whether the plaintiff identifies, by name, the individuals who allegedly committed the wrongdoing (Brown v City of New York, 95 NY2d 389, 393 [2000]; see also Schiavone v County of Nassau, 51 AD2d at 981 [“The prime, if not the sole, objective of the notice requirements of . . . (the General Municipal Law provisions at issue) is to assure the (municipality) an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available”]). Accordingly, this court must determine whether the plaintiff sufficiently described the incident to enable the City to investigate and determine which police officers were involved.
Under the facts and circumstances of this case, the plaintiff was not required to name the individual officers in her notice of claim. In light of the court’s foregoing case analysis, the defendants have failed to demonstrate their prima facie entitlement to summary judgment dismissing the plaintiffs causes of action sounding in false arrest, assault and battery, and intentional infliction of emotional distress insofar as asserted against the individual defendants on the ground that the plaintiff failed to name those defendants in her notice of claim (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The plaintiffs notice of claim included all relevant information which would have enabled the City to conduct a thorough investigation to discover the identity of the individual police officers involved in the alleged incident. Specifically, the notice of claim stated, in part, that
*378 “[t]he claim arose on June 15, 2011 at the claimants’ home at 374 North Avenue in New Rochelle, New York, approximately 3:00 p.m., when Cristal Scott, was seized, detained, handcuffed and verbally abused by New Rochelle Police Officers . . . . 15 Armed New Rochelle Police Officers entered plaintiff’s apartment while she was not allowed to get dressed.”
The identity of the officers involved in the alleged incident complained of by the plaintiff were readily accessible to the defendants insofar as the plaintiff gave a detailed description of the time, place, and nature of the acts (see plaintiffs notice of claim attached as defendants’ exhibit A; see also Chamberlain v City of White Plains, 986 F Supp 2d 363, 397 [SD NY 2013] [“Plaintiffs Notice of Claim contains more than enough information to allow the City to properly investigate the alleged incident and identify the police officers involved. It describes the specific date, time, and address of the incident and includes a detailed description of the alleged facts regarding the interaction between Chamberlain and the police”]; Verponi v City of New York, 31 Misc 3d 1230[A], 2011 NY Slip Op 50908[U], *6 [Sup Ct, NY County 2011] [“The notice listed the date, time and place of the incidente.) It also gave a sufficiently detailed description on the incident and the nature of Plaintiffs claims to enable the City to identify the officers involved and investigate her claims”]). Additionally, the New Rochelle Police Department event report, attached as exhibit C to the plaintiffs opposition, identifies, under “Event Personnel,” officers who were involved in the incident, and each officer’s rank, serial number, and shield. In this case, it would have been a straightforward inquiry for the City to determine which officers were dispatched to the plaintiffs apartment during the incident. Moreover, the plaintiff, at her 50-h hearing, identified, to some extent, the names of some of the officers involved in the incident (see Aviles v City of New York, 202 AD2d 530, 531 [2d Dept 1994]; see also Kim L. v Port Jervis City School Dist., 40 AD3d 1042, 1044 [2d Dept 2007] [“Whether or not the notice of claim is sufficient depends upon the circumstances of the case, and the court, in making such a determination, may consider the testimony provided during a General Municipal Law § 50-h examination and any other evidence properly before the court” (citations omitted)]). Given that the City was in the best position to investigate and identify the names of the individual officers *379 involved, the plaintiffs state law claims will not be dismissed as against the individual defendants Lieutenant Hearle and Detective O’Rourke for failure to identify them by name in the notice of claim.
Even assuming the plaintiff was required to name the individual officers, the City has failed to establish any prejudice caused by such an omission, and thus, pursuant to General Municipal Law § 50-e (6), the court has the discretion to disregard the omission in the absence of prejudice to the municipality (see Kim L. v Port Jervis City School Dist., 40 AD3d at 1045 [“General Municipal Law § 50-e (6) provides that ‘(a) mistake, omission, irregularity or defect’ in the notice of claim may be ‘corrected, supplied or disregarded’ in the court’s discretion, provided that the mistake, omission, irregularity, or defect was made in good faith, and the public corporation was not prejudiced thereby. . . . (T)he record was devoid of any evidence of bad faith on the part of the plaintiffs or of prejudice to the School District” (citation omitted)]; Travelers Indemn. Co. v City of Yonkers, 142 Misc 2d at 336 [“Even assuming that such a requirement existed, pursuant to section 50-e (6) the court would be inclined to disregard the omission in its discretion since the city has failed to show any prejudice caused by the omission of the name of the known employee in the notice”]).
Accordingly, the branch of the defendants’ motion which is for summary judgment dismissing all state law causes of action insofar as asserted against Lieutenant Hearle and Detective O’Rourke for failure to name them in the notice of claim is denied.
To the extent the defendants contend that the plaintiffs cause of action for civil assault (third cause of action) is procedurally barred on the basis that it was not listed or otherwise identified in the notice of claim, that argument is without merit, and that branch of the motion is denied. The allegations set forth in paragraph 44 of the amended complaint, specifically, that “the defendants did intentionally place Scott in apprehension of imminent harm or offensive conduct by pointing guns at her, handcuffing Scott, threatening to take her outside in public half naked and threatening to arrest Scott,” all appear in paragraph 3 of the notice of claim, and thus, notice was sufficient to advise the defendants that a claim for civil assault was being asserted (see Bartley v County of Orange, 111 AD3d 772, 774 [2d Dept 2013] [“The plaintiffs were not required to ‘state a precise cause of action in haec verba’ in their notices of claim”]; Browne v *380 City of New York, 67 AD3d 620, 620 [2d Dept 2009] [“Although the notice of claim did not mention ‘negligence’ as a specific theory of recovery, it nevertheless adequately apprised the defendants that the plaintiff would seek to impose liability under such a theory”]).
II. Relation-Back Doctrine
Next, the defendants move for summary judgment dismissing the state law causes of action insofar as asserted against Lieutenant Hearle on the ground that the applicable statute of limitations had expired prior to adding him as a defendant to the action. The plaintiff, in opposition, contends that the relation-back doctrine permits her to assert the state law causes of action against Lieutenant Hearle.
The defendants have met their prima facie burden of establishing that the statute of limitations had expired prior to the commencement of the action against Lieutenant Hearle. Specifically, the underlying incident occurred on June 15, 2011, and thus, the one-year-and-90-day statute of limitations period (pursuant to General Municipal Law § 50-i) expired on September 13, 2012, approximately eight months prior to the commencement of the action against Lieutenant Hearle (see LeBlanc v Skinner, 103 AD3d 202, 208 [2d Dept 2012]). In opposition, the burden shifts “to the plaintiff to establish the applicability of the relation-back doctrine” (id.; see also Xavier v RY Mgt. Co., Inc., 45 AD3d 677, 679 [2d Dept 2007]).
In order for the relation-back doctrine to be applicable, a plaintiff must establish that
“(1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship, can be charged with notice of the institution of the action and will not be prejudiced in maintaining his or her defense on the merits by virtue of the delayed assertion of those claims against him or her, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been timely commenced against the new party” (Castagna v Almaghrabi, 117 AD3d 666, 667 [2d Dept, May 7, 2014], citing Buran v Coupal, 87 NY2d 173 [1995] [holding that the mistake need not be excusable for the relation-back doctrine to apply]; see also Davis v Larhette, 39 *381 AD3d 693, 694 [2d Dept 2007]).
Once the plaintiff demonstrates the applicability of the relation-back doctrine, it may interpose a cause of action against a person after the statute of limitations has expired.
Here, the plaintiff has satisfied the first prong of the relation-back test in that the claims asserted against Lieutenant Hearle for false arrest, assault and battery, and intentional infliction of emotional distress arose out of the same incident on June 15, 2011 as those against the City (see Matter of Murphy v Kirkland, 88 AD3d 267, 276 [2d Dept 2011]; Buran v Coupal, 87 NY2d at 178).
Turning to the second prong, the issue is whether Lieutenant Hearle is “united in interest” with the City, and whether he can be charged with such notice of the action that he will not be prejudiced in maintaining his defense on the merits (see LeBlanc v Skinner, 103 AD3d at 209-210; Matter of Parker v Port Auth. of NY. & N.J., 113 AD2d 763, 765 [2d Dept 1985], citing Connell v Hayden, 83 AD2d 30 [1981] [“The rationale behind this exception is that where the two defendants are united in interest their defenses will be the same and they will either stand or fall together with respect to plaintiffs claim” (at 41)]). Further, “unity of interest will [generally] be found where one of the parties is vicariously liable for the conduct of the other” (Davis v Larhette, 39 AD3d 693, 694 [2d Dept 2007]; LeBlanc v Skinner, 103 AD3d at 210 [“(T)he parties are united in interest where there is a jural or legal relationship giving rise to potential vicarious liability”]). Here, the plaintiff has sufficiently established that, given the fact that the City, as the employer of Lieutenant Hearle, may be vicariously liable for Lieutenant Hearle’s alleged wrongful conduct committed while he was engaged in the City’s business, Lieutenant Hearle is united in interest, and by reason of the employer-employee relationship, Lieutenant Hearle is charged with notice of this action (see Matter of Parker v Port Auth. of N.Y. & N.J., 113 AD2d 763, 765 [2d Dept 1985] [“Timely service upon one of two such defendants gives sufficient notice to enable him to investigate all the defenses which are available to both defendants within the period of limitations”]).
Lastly, in analyzing the third prong of the relation-back doctrine, the plaintiff has demonstrated that her failure to name Lieutenant Hearle in the original complaint was a mistake and not an intentional decision to gain a tactical advantage over the City (see Thomsen v Suffolk County Police Dept., 50 AD3d 1015, *382 1019 [2d Dept 2008] [“The plaintiffs further demonstrated that their initial failure to name the County as a defendant was a mistake, rather than an intentional decision not to assert the claim in order to gain a tactical advantage”]).
Accordingly, the plaintiff, in opposition, has sufficiently demonstrated the applicability of the relation-back doctrine. Thus, the branch of the defendants’ motion which is for summary judgment dismissing the state law causes of action as time-barred insofar as asserted against Lieutenant Hearle is denied.
III. State and Federal Causes of Action for False Arrest/ Imprisonment
In the amended complaint, the plaintiff asserts claims for false arrest and false imprisonment pursuant to both section 1983 and state law. The defendants argue that these claims, specifically the first and second causes of action, should be dismissed insofar as asserted against Detective O’Rourke on the basis of lack of personal participation in the underlying incident. Further, the defendants contend that these claims fail as a matter of law insofar as against Detective O’Rourke because the mere threat of arrest does not constitute false arrest.
As an initial matter, based upon the conflicting testimony as to Detective O’Rourke’s involvement in the incident, the first and second causes of action insofar as asserted against him cannot be dismissed. In her deposition and 50-h hearing, the plaintiff testified that Detective O’Rourke was present at the time of the incident, and specifically, he searched her apartment, removed the handcuffs, threatened her, and watched her get dressed. Under the totality of the circumstances, and viewing the evidence in the light most favorable to the non-moving party, the plaintiff raised an issue of fact as to whether Detective O’Rourke was involved in her arrest and detention on the day of the incident (see LeBlanc v Skinner, 103 AD3d 202, 211-212 [2d Dept 2012] [“On this summary judgment motion, we view the evidence in the light most favorable to the plaintiff, as the nonmoving party, and afford him the benefit of every favorable inference”]).
To the extent the defendants contend that they are entitled to summary judgment dismissing the plaintiffs first cause of action asserting false arrest/false imprisonment pursuant to section 1983 and the second cause of action asserting a state law claim for false arrest/false imprisonment, that branch is also denied. “Under New York law, the torts of false arrest and false imprisonment are synonymous” (Fincher v County of Westches *383 ter, 979 F Supp 989, 998 [SD NY 1997]). Further, “a claim for false arrest under § 1983 is substantially the same as a claim for false arrest under New York Law” (id.). “[T]o establish false arrest and false imprisonment claims, the plaintiff must show that: (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged” (Petrychenko v Solovey, 99 AD3d 777, 780 [2d Dept 2012] [internal quotation marks omitted]).
In moving for summary judgment dismissing causes of action alleging false arrest and false imprisonment, the defendants “must establish that the plaintiffs arrest and subsequent detention were supported by probable cause in order to demonstrate its entitlement to judgment as a matter of law” (id.). However, “[w]hen an arrest is made without a warrant, as here, a presumption arises that it was unlawful, and the burden of proving justification is cast upon the defendant” (id.). Accordingly, the defendants have the burden of proving justification for the unlawful arrest of the plaintiff.
The defendants have met their prima facie burden of proving justification for the detention and/or arrest of the plaintiff by submitting evidence that the plaintiff consented to the search of her apartment, and thus, pursuant to the lawful search they were authorized to detain her while the search was conducted (see CPL 120.80 [4]; Muehler v Mena, 544 US 93, 95 [2005] [“(The plaintiffs) detention in handcuffs for the length of the search” did not violate the Fourth Amendment]; Flynn v James, 513 Fed Appx 37, 39 [2d Cir 2013] [“(A) warrantless search of a home is unreasonable unless an exception applies, such as a search conducted pursuant to consent”]; Linson v City of New York, 98 AD3d 1002, 1003 [2d Dept 2012] [“(A)uthorization to detain an occupant of the place to be searched is the authority to use reasonable force to effectuate the detention” (internal quotation marks omitted)]; Maldonado v City of New York, 60 AD3d 822, 823 [2d Dept 2009] [“(A)s the officers’ entry into the home was lawful, any initial detention of the plaintiffs was privileged, and the plaintiffs did not submit any evidence that they were detained beyond the officers’ initial lawful entry”]; People v Barnhill, 34 AD3d 933, 934 [3d Dept 2006] [“It is now well established that consent to enter an apartment may be established by conduct, as well as words”]).
In opposition, the plaintiff focuses her attention solely on the third element of her false arrest claim, specifically, whether the *384 confinement was privileged, that is, whether the arrest and detention were lawful. The plaintiff raises triable issues of fact insofar as she denies consenting to the entry and subsequent search of her home (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). On a motion for summary judgment, this court is precluded from weighing the evidence or making a credibility determination. Rather, the proof submitted must be viewed in the light most favorable to the non-moving party, which in this case is the plaintiff (see Makaj v Metropolitan Transp. Auth., 18 AD3d 625, 626 [2d Dept 2005]). According to the plaintiff, the officers directed her to open the door (plaintiffs 50-h hearing at 23-29). Further, the plaintiff testified that the officers did not ask permission to enter or search her apartment (plaintiffs 50-h hearing at 23-29). Under the plaintiffs version of what happened, issues of fact are presented as to whether the plaintiffs detention and subsequent search of her apartment were lawful under the circumstances (see Holland v City of Poughkeepsie, 90 AD3d 841, 845 [2d Dept 2011] [“The existence or absence of probable cause is a question of fact and becomes a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn therefrom” (internal quotation marks omitted)]).
Accordingly, the branch of the defendants’ motion which is for summary judgment dismissing the first and second causes of action insofar as asserted against Lieutenant Hearle and Detective O’Rourke are denied.
IV Assault and Battery
To succeed on their motion for summary judgment dismissing the plaintiffs third and fourth causes of action for assault and battery insofar as asserted against Detective O’Rourke, the defendants must demonstrate that Detective O’Rourke did not intentionally place the plaintiff in apprehension of imminent harmful or offensive contact, and did not intentionally engage in offensive bodily contact without the plaintiffs consent (see Guntlow v Barbera, 76 AD3d 760, 766 [3d Dept 2010]).[3]
The defendants have met their prima facie burden of establishing that Detective O’Rourke, aside from removing the handcuffs, did not have any physical contact with the plaintiff during the underlying incident (Wyllie v District Attorney of County of Kings, 2 AD3d 714, 719 [2d Dept 2003] [holding that *385 the defendants were entitled to summary judgment on the assault and battery cause of action by demonstrating that no city employee had physical contact with the plaintiff during her detention]). In opposition, the plaintiff failed to raise an issue of fact as to Detective O’Rourke’s physical contact with her. Instead, the plaintiff avers in her affidavit that Lieutenant Hearle “pull[ed] her into the hall. . . grabbed [her] by the neck and put the barrel of his gun against [her] forehead” and at her deposition she testified that it was “Detective Hurley” who handcuffed her. Accordingly, that branch of the defendants’ motion for summary judgment dismissing the third and fourth causes of action for assault and battery insofar as asserted against Detective O’Rourke is granted.
V. Intentional Infliction of Emotional Distress
The defendants have established their prima facie entitlement to summary judgment dismissing the plaintiffs fifth cause of action, which alleged intentional infliction of emotional distress against Detective O’Rourke and Lieutenant Hearle, by submitting evidence that the conduct surrounding the search of the plaintiffs apartment and detention did not rise to the level of extreme or outrageous behavior necessary to sustain such a cause of action (see Rodgers v City of New York, 106 AD3d 1068, 1070 [2d Dept 2013]; Wyllie v District Attorney of County of Kings, 2 AD3d at 720 [“(S)ince the evidence submitted by the defendants demonstrated that the occurrences surrounding the plaintiffs arrest and detention did not constitute ‘extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society,’ ” the cause of action for intentional infliction of emotional distress “should have been dismissed as against the State defendants” (citations omitted)]).
In opposition, the plaintiff raised a triable issue of fact insofar as she alleges that the individual officers escorted her into a semi-public area of her apartment building while she was half naked from the waist down, pointed guns at her, threatened her, and refused to allow her to get dressed. Although the plaintiff avers that Lieutenant Hearle was the officer who came into physical contact with her, at this posture of the litigation, the court is unable to determine the extent at which Lieutenant Hearle and Detective O’Rourke actively participated in conduct as described by the plaintiff. Accordingly, the branch of the defendants’ motion which is for summary judgment dismissing the fifth cause of action for intentional infliction of emotional *386 distress insofar as asserted against Detective O’Rourke and Lieutenant Hearle is denied.
However, the defendants are entitled to summary judgment dismissing this claim insofar as asserted against the City because “[p]ublic policy bars claims for intentional infliction of emotional distress against a governmental entity” (Eckardt v City of White Plains, 87 AD3d 1049, 1051 [2d Dept 2011] [“The appellants did, however, establish the City’s entitlement to summary judgment dismissing the second cause of action insofar as asserted against it, as (p)ublic policy bars claims for intentional infliction of emotional distress against a governmental entity” (internal quotations marks omitted)]; Ellison v City of New Rochelle, 62 AD3d 830, 833 [2d Dept 2009]).
VI. Qualified Immunity
The defendants have met their prima facie burden establishing that they were entitled to summary judgment dismissing so much of the complaint as asserted against them under the doctrine of qualified immunity inasmuch as they established that “it was objectively reasonable for [them] to believe that [their] conduct was appropriate under the circumstances, or that officers of reasonable competence could disagree as to whether [their] conduct was proper” (Guntlow v Barbera, 76 AD3d 760, 766 [3d Dept 2010]; see also Sirlin v Town of New Castle, 35 AD3d 713, 714 [2d Dept 2006]; Delgado v City of New York, 86 AD3d 502, 510 [1st Dept 2011] [“To be entitled to qualified immunity, it must be established that it was objectively reasonable for the police officer involved to believe that his or her conduct was appropriate under the circumstances, or that officers of reasonable competence could disagree as to whether his or her conduct was proper”]). However, in opposition, the plaintiff raised issues of fact as to whether the officers’ conduct was appropriate insofar as she testified that the officers handcuffed her while she was half naked, grabbed her by the throat, threatened her, and unlawfully searched her apartment without a warrant or her consent.
Viewing the facts in the light most favorable to the plaintiff, a reasonable jury could find that the officers are not entitled to qualified immunity. Accordingly, that branch of the defendants’ motion for summary judgment dismissing so much of the complaint as asserted against Detective O’Rourke and Lieutenant Hearle on the ground of qualified immunity is denied.
VII. Respondent Superior
Although a municipality cannot be held vicariously liable on a section 1983 claim, under New York State law, a municipality *387 may be held vicariously liable on state law claims asserted against individual officers under a theory of respondeat superior (see Linson v City of New York, 98 AD3d 1002, 1003 [2d Dept 2012]; Eckardt v City of White Plains, 87 AD3d 1049, 1051 [2d Dept 2011]).
As the plaintiff concedes, the section 1983 claim insofar as asserted against the City under a theory of respondeat superior must be dismissed. Turning to the state law claims, because the plaintiff has asserted viable claims against Lieutenant Hearle and/or Detective O’Rourke sounding in false arrest, assault, battery, and intentional infliction of emotional distress, these causes of action insofar as asserted against the City based upon a theory of respondeat superior survive summary judgment.
Conclusion
In summary, the plaintiff’s causes of action to recover for false arrest/false imprisonment and intentional infliction of emotional distress may proceed insofar as asserted against Detective O’Rourke and Lieutenant Hearle. The plaintiff’s causes of action to recover for assault and battery may proceed as against Lieutenant Hearle only. The causes of action for assault, battery, and false arrest/false imprisonment may also proceed against the City under a theory of respondeat superior.
Since the plaintiff has withdrawn any claim of municipal liability pursuant to Monell v New York City Dept. of Social Servs. (436 US 658 [1978]), and since the City may not be held vicariously liable for the plaintiffs causes of action against the individual officers pursuant to 42 USC § 1983, that cause of action is dismissed insofar as asserted against the City. The section 1983 cause of action may proceed as against the individual defendants Lieutenant Hearle and O’Rourke.
Further, all causes of action asserted against the individual defendants Fudge, Jackson, Salerno, Johnson, Martinez, Falcone and Carpano are dismissed in light of the plaintiffs concession of dismissal in her opposition papers.
Accordingly, it is hereby, ordered that the branches of the defendants’ motion which are for summary judgment dismissing the complaint insofar as asserted against Detective Fudge, Detective Jackson, Sergeant Salerno, Sergeant Johnson, Officer Martinez, Officer Falcone and Detective Carpano are granted; and it is further ordered that the branches of the defendants’ motion which are for summary judgment dismissing the plaintiffs third and fourth causes of action for assault and bat *388 tery insofar as asserted against Detective O’Rourke are granted; and it is further ordered that the branches of the defendants’ motion which is for summary judgment dismissing so much of the first cause of action as seeks to recover against the City for violations of 42 USC § 1983 (i.e., the Monell claim), and for summary judgment dismissing the plaintiffs fifth cause of action for intentional infliction of emotional distress insofar as asserted against the City are granted; and it is further ordered that the motion is otherwise denied; and it is further ordered that all other relief requested and not decided herein is denied.

. The defendants submitted only deposition excerpts in support of their motion. Since the plaintiff submitted her full deposition as well as the transcript of her 50-h hearing in opposition, all references are to those complete exhibits.

. The court notes that the plaintiffs affidavit differs from O’Rourke’s testimony in that O’Rourke testified that he was the officer who remained in the hallway with the plaintiff while Lieutenant Hearle searched the apartment.

. The defendants do not move for summary judgment dismissing the assault and battery causes of action insofar' as asserted against Lieutenant Hearle.